254 P.3d 827 (2011)
161 Wash.App. 249
The MARINA CONDOMINIUM HOMEOWNER'S ASSOCIATION, a Washington nonprofit corporation, Respondent,
v.
The STRATFORD AT the MARINA, LLC, a Washington limited liability company, Appellant,
John and Mary Does, one through two hundred, Defendants.
No. 63918-8-I.
Court of Appeals of Washington, Division 1.
February 28, 2011.
Publication Ordered April 18, 2011.
*828 Theodore J. Angelis, K & L Gates LLP, Seattle, WA, for Appellant.
Robert Kendall Goff, Daniel J. DeWalt, Goff & DeWalt LLP, Gig Harbor, WA, Catherine C. Clark, Melody Staubitz, Law Office of Catherine C. Clark, Seattle, WA, for Respondent.
APPELWICK, J.
¶ 1 The trial court granted partial summary judgment in favor of the Marina Condominium Homeowners Association on its claim under the Washington Condominium Act, chapter 64.34 RCW, for construction defects in the condominium conversion. The trial court later granted a default judgment for the HOA's remaining claims, as a sanction against Stratford for discovery violations. The summary judgment motion alleged defects for which Stratford was not responsible as a matter of law. The record is insufficient to justify the harsh sanction of a default judgment. We reverse both the summary judgment and the default judgment, affirm the award of CR11 sanctions, and remand.

FACTS
¶ 2 In 2005, The Stratford at the Marina LLC (Stratford) undertook conversion of an *829 apartment complex into condominiums. On December 24, 2007, the Marina Condominium Homeowner's Association (HOA) filed suit against Stratford, alleging a myriad of defects in the property. The HOA asserted numerous common law and statutory claims in its original complaint, though the only claim relevant to this appeal is the claim for breach of implied warranty under RCW 64.34.445(2).[1]
¶ 3 In May 2008, Stratford moved to compel arbitration, which the court granted. But, Stratford had financial difficulties and by October 2008 it had no funds to go forward with the arbitration. Stratford asserts that its dire financial situation also impacted its ability to regularly pay attorneysat various times during the litigation, Stratford proceeded without counsel, relying instead on a designated representative, George Webb, to act on its behalf. Stratford's difficulties were compounded by an office fire in October 2008 that resulted in the loss of some records related to the condominium project.
¶ 4 On January 8, 2009, after the case was returned to court from arbitration, the HOA filed a motion for partial summary judgment, raising as its only claim the implied warranty of quality under RCW 64.34.445(2). The trial court granted the HOA's partial summary judgment motion, refusing to consider Webb's pro se submissions in reply, and ruling that Stratford was liable for repair costs in the amount of $1,713,282.
¶ 5 On March 2, 2009, Stratford (through counsel) filed a motion for reconsideration of the partial summary judgment order, again seeking to have Webb's submissions admitted. The trial court agreed to consider the submissions, but nevertheless denied the motion and affirmed its earlier judgment.
¶ 6 The parties engaged in contentious discovery through March and April 2009. The HOA alleged Stratford had failed to comply with discovery requests, ultimately moving to compel Stratford to answer on April 17, 2009. The trial court granted that motion on May 7, 2009, approximately one month before trial. Then, on May 13, 2009, the HOA filed a motion seeking discovery sanctions against Stratford. The trial court granted the sanction motion on May 27, 2009, and decided to impose a default against Stratford for the HOA's remaining claims.
¶ 7 The HOA moved for entry of judgment on May 29, 2009, and on June 12, 2009, the trial court entered an order to show cause as to why default judgment for damages, attorney fees, and costs should not be entered. On July 1, 2009, with Stratford represented by new counsel, the parties agreed on the judgment amount of $1,713,282 as provided for in the summary judgment ruling. The court reserved for future motion the issue of the amount of fees, expenses, and additional damages. On July 14, 2009, the HOA made a motion for the attorney fees and related expenses. The trial court entered detailed findings of fact and conclusions of law on that motion, ultimately awarding $141,948.12 in attorney fees, $62,826.79 in litigation expenses for experts, $2,971.85 for litigation expenses for costs, $24,921.82 for costs of repair, and $681.25 in sanctions. Stratford timely appeals.

DISCUSSION

I. The HOA's Partial Summary Judgment Motion

¶ 8 Stratford first contends that the trial court erred in granting partial summary judgment to the HOA. The HOA sought partial summary judgment on one of its several claims: the claim for breach of the implied warranty of quality set forth under the Washington Condominium Act. RCW 64.34.445(2).
¶ 9 The parties focus considerable attention on whether certain declarations submitted by Stratford in its response to the HOA's motion should have been considered by the trial court. We need not address this issue.
¶ 10 This court reviews summary judgment orders de novo. Hadley v. Maxwell, 144 Wash.2d 306, 310, 27 P.3d 600 (2001). Summary *830 judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When reviewing an order of summary judgment, we engage in the same inquiry as the trial court, considering the facts and all reasonable inferences from the facts in the light most favorable to the nonmoving party. Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wash.2d 370, 381, 46 P.3d 789 (2002). Factual issues may be decided on summary judgment "`when reasonable minds could reach but one conclusion from the evidence presented.'" Van Dinter v. City of Kennewick, 121 Wash.2d 38, 47, 846 P.2d 522 (1993) (quoting Cent. Wash. Bank v. Mendelson-Zeller, Inc., 113 Wash.2d 346, 353, 779 P.2d 697 (1989)).
¶ 11 Considering the facts and all reasonable inferences in the light most favorable to Stratford, the HOA should not have been granted summary judgment on its claim for breach of the implied warranty of quality under the Washington Condominium Act. That act provides, in relevant part:
A declarant and any dealer impliedly warrants that [1] a unit and the common elements in the condominium are suitable for the ordinary uses of real estate of its type and [2] that any improvements made or contracted for by such declarant or dealer will be:
(a) Free from defective materials;
(b) Constructed in accordance with sound engineering and construction standards;
(c) Constructed in a workmanlike manner; and
(d) Constructed in compliance with all laws then applicable to such improvements.
RCW 64.34.445(2). This court defined and explained the two distinct warranties contained in that provision of the Washington Condominium Act. Park Ave. Condo. Owners Ass'n v. Buchan Dev., LLC, 117 Wash.App. 369, 71 P.3d 692, 75 P.3d 974 (2003). The implied warranties of RCW 64.34.445(2) are first, the warranty of suitability, and second, the warranty of quality construction. Id. at 378, 71 P.3d 692, 75 P.3d 974. In its motion for partial summary judgment, the HOA identified 16 allegedly defective conditions at the Marina Condominiums and claimed that those defects were in open violation of applicable building codes and construction standards. The motion thus did not allege a breach of the first implied warranty of suitability, but instead focused exclusively on the second warranty of quality construction. But, as the language of the statute makes plain, the warranty of quality construction applies only to "any improvements made or contracted for" by Stratfordit does not apply to original construction work that predated Stratford's improvement work. RCW 64.34.445(2).
¶ 12 When Stratford was converting the units to condominiums in 2005, it produced a report detailing the specific work that was performed, including the removal of floor coverings and some work on plumbing, light fixtures, cabinets, appliances, and drywall. Stratford also filed several permits with the city of Des Moines, indicating that the conversion would include remodeling interiors, installing various bathroom and kitchen appliances such as sinks and washing machines, and replacing baseboard heat. Yet, many of the defects pleaded by the HOA were not the result of Stratford's work, but instead were pled as problems from original construction of the building, in 1962. The HOA even stated in its motion that the alleged defects were "the result of original construction and/or installation," rather than from Stratford's improvement work.
¶ 13 Here, since the summary judgment motion was limited to the breach of the implied warranty of quality construction claim, the trial court's determination should have been accordingly limited to those improvements made or contracted for by Stratford. RCW 64.34.445(2). Instead, the trial court erroneously adopted the HOA's language and misapplied this implied warranty. For example, in addressing each of the 16 alleged defects, the trial court found: "Stratford as a matter of law breached the implied warranties set forth in RCW 64.34.445(2) by constructing the project with both windows and sliding glass doors in very poor condition and frames which warped and bent; glazing stops are displaced or missing entirely and miter *831 joints at corners are open in violation of the International Building Code requirements and/or sound construction standards." We find nothing in the record to establish Stratford did work on the windows or glass doors. Therefore, the court erred in its application of the Washington Condominium Act's implied warranty of quality.
¶ 14 The HOA argues that even if it had not proven a violation of the implied warranty of quality, it should be allowed to argue that the implied warranty of suitability should be applied here on appeal. The HOA raises three grounds in support of this. First, it states that this claim was raised in the complaint. This is irrelevant, however, when it was not raised in the motion for summary judgment. Second, the HOA argues that because the motion was made based on RCW 64.34.445(2) generally, it implicitly included both the warranty of suitability and the warranty of quality construction. This argument too lacks meritthe HOA's motion focused on original construction work and on the condominiums' compliance with construction standards and laws, without ever discussing the general suitability of the condominiums. Third, the HOA suggests that we allow this argument as an additional ground for affirming the trial court, even though it was not presented to the trial court. However, a new ground for affirming should only be considered where "the record has been sufficiently developed to fairly consider the ground." RAP 2.5(a); Home Realty Lynnwood, Inc. v. Walsh, 146 Wash.App. 231, 240, 189 P.3d 253 (2008). Here, where the HOA did not address the implied warranty of suitability anywhere in its motion for summary judgment, and in light of the meaningful differences between the two warranties, we will not affirm the trial court based on a different legal ground that the HOA failed to raise in its motion for summary judgment. An alleged breach of the implied warranty of suitability, like all of the other claims raised by the HOA in its original complaint, was properly reserved to be considered at trial.
¶ 15 We reverse the order granting partial summary judgment.

II. Default Against Stratford as a Discovery Sanction

¶ 16 Stratford also alleges that the trial court erred in granting default judgment against it as a discovery sanction. Following the partial summary judgment order, the parties engaged in contentious discovery in preparation for trial. On March 10, the HOA submitted interrogatory requests for the production of three insurance policies and related documents. Stratford did not timely respond to those requests. On April 17, 2009, the HOA moved to compel discovery of those documents. Stratford, apparently due to a lack of financial resources, did not file an opposition brief. The trial court granted the motion to compel on May 7, 2009, ordering Stratford to make the requested insurance documents available immediately.
¶ 17 Five days later, on May 12, 2009, the HOA brought an additional motion to compel. That motion alleged that Webb had failed to respond to questions at his deposition, and asked the trial court to both compel his answers and to hold Webb in contempt. However, the HOA did not wait for the court's response, nor did the court ever issue a ruling on this motion. The following day, May 13, 2009, the HOA instead filed a motion seeking discovery sanctions, up to and including a default judgment.
¶ 18 The HOA's motion for sanctions alleged numerous difficulties experienced during discoveryit asserted that Stratford engaged in an intentional pattern of delay and evasion, including the willful concealment of critical information. However, the only outstanding discovery order was the order to compel production of the three insurance documents, issued just six days prior. Nowhere did the HOA explain how a lack of those documents prejudiced its ability to prepare for trial on the alleged issues of defects in the condominiums. Stratford was again unable to file a response or an opposition brief. No hearing was held. On May 27, 2009, the court filed an order awarding default judgment against Stratford for all of the HOA's remaining claims. Stratford assigns error to this default judgment.
*832 ¶ 19 We review a court's discovery sanctions for abuse of discretion. Magaña v. Hyundai Motor Am., 167 Wash.2d 570, 582, 220 P.3d 191 (2009). A trial court exercises broad discretion in imposing discovery sanctions, and its determination will not be disturbed absent a clear abuse of that discretion. Mayer v. Sto Indus., 156 Wash.2d 677, 684, 132 P.3d 115 (2006). A trial court's reasons for imposing discovery sanctions should be clearly stated on the record so that meaningful review can be had on appeal. Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997).
¶ 20 Court rules provide that a court may impose sanctions for a party's failure to abide by discovery orders. CR 37(b), (d). Sanctions may range from the exclusion of certain evidence to granting a default judgment when a party fails to respond to interrogatories and requests for production. Magaña, 167 Wash.2d at 583-84, 220 P.3d 191. However, default is an extremely harsh remedy, since it precludes hearing the merits of the case at trial. Id. at 599, 220 P.3d 191. It is the general policy of Washington courts not to resort to dismissal or default lightly. Rivers v. Wash. State Conference of Mason Contractors, 145 Wash.2d 674, 686, 41 P.3d 1175 (2002). When a trial court imposes default in a proceeding as a sanction for violation of a discovery order, it must be apparent from the record that (1) the party's refusal to obey the discovery order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed. Id. at 686, 41 P.3d 1175; Burnet, 131 Wash.2d at 494, 933 P.2d 1036.
¶ 21 In Rivers, the trial court had similarly granted dismissal as a discovery sanction, following the plaintiff's failure to adequately respond to discovery requests. 145 Wash.2d at 677, 41 P.3d 1175. The Supreme Court considered each of the three factors of willfulness, prejudice, and lesser sanctions in turn. Id. at 689-96, 41 P.3d 1175. The court held that the first element of willfulness had been met, particularly where the plaintiff violated an explicit order to compel from the court and violated the case event schedule. Id. at 693, 41 P.3d 1175. However, the court went on to hold that the trial court had failed to satisfy the second element of prejudice or the third element of considering lesser sanctions on the record. Id. at 694-96, 41 P.3d 1175. Looking to the prejudice element, while the court order did refer to discovery violations, and the defendant alleged to being left ill prepared for trial, the trial court never affirmatively stated on the record that the defendant was substantially prejudiced in its ability to prepare for trial, as required by Burnet. Id. at 694, 41 P.3d 1175. The Supreme Court found a similar deficiency under the third element of lesser sanctions:
The trial court on the record did consider lesser sanctions, but only by stating in the order "The court has considered lesser sanctions of terms and exclusion of testimony, but has determined that dismissal of [Petitioner's] complaint with prejudice is the only appropriate remedy. . . ."
. . . Whether she should be subject to the drastic sanction of dismissal cannot be determined under the limited language used by the trial court in its order of dismissal. Before resorting to the sanction of dismissal, the trial court must clearly indicate on the record that it has considered less harsh sanctions under CR 37. Its failure to do so constitutes an abuse of discretion.

Id. at 696 [41 P.3d 1175] (alteration in original) (footnote omitted).
¶ 22 The Supreme Court's holding in Rivers is applicable with equal force in this case. Here, the order stated in conclusory fashion that Stratford "committed willful and deliberate discovery violations", that the HOA "was significantly prejudiced" by those violations, and that "[t]he Court has considered lesser sanctions and found them to be inadequate." Yet, the trial court failed to make a clear record in the order containing its reasoning in reaching those conclusions. Just as mere conclusions stated in an order were inadequate in Rivers, they are also inadequate here.
¶ 23 In Magaña, the Supreme Court recently reiterated that a trial court's reasons for imposing discovery sanctions should be clearly stated on the record. 167 Wash.2d at *833 583, 220 P.3d 191. The Magaña court ultimately affirmed dismissal as a discovery sanction, but that holding was based on the trial court's careful and thorough consideration of each of the three Burnet elements on the record. Id. at 584-92, 220 P.3d 191. The record there reflected that Hyundai, the defendant, engaged in willful discovery abuses; the company made false and inaccurate representations, failed to supplement incorrect responses, and made no effort to conduct a proper search outside of its legal department for the requested information. Id. at 584-85, 220 P.3d 191. The Supreme Court also discussed how Magaña was specifically prejudiced in his ability to prepare for trial: as a result of the more than five year delay by Hyundai, witnesses with certain vital evidence were no longer living, had disappeared, or had discarded their evidence. Id. at 590, 220 P.3d 191. The trial court had also explicitly considered the issue of lesser sanctions on the record, contemplating how a monetary fine might work since Hyundai is a multi-billion dollar corporation, and discussing why admitting certain evidence as a sanction would be inadequate or unworkable. Id. at 591-92, 220 P.3d 191.
¶ 24 Here, the trial court did not analyze those considerations on the record or in the order, as required by Burnet and Magaña. Its failure to do so constitutes an abuse of discretion. Rivers, 145 Wash.2d at 696, 41 P.3d 1175. We hold that the trial court erred by entering a default judgment, and we reverse.[2]

III. The Award of CR 11 Sanctions Against Stratford

¶ 25 Stratford argues that the trial court abused its discretion in awarding CR 11 sanctions against it. The HOA does not address this issue in its briefing.
¶ 26 CR 11 states, in part:
Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name. . . . A party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address.
¶ 27 CR 11 authorizes sanctions when motions are improperly signed.[3] This court reviews an award of sanctions under CR 11 for abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 338, 858 P.2d 1054 (1993). A trial court abuses its discretion if its order is manifestly unreasonable or is based on untenable grounds. Id. at 339, 858 P.2d 1054.
¶ 28 In this case, Stratford made a motion to continue the HOA's motion for summary judgment. The motion was signed by Webb as the designated representative for Stratford. The HOA objected and moved to strike the motion to continue, alleging that Stratford's motion to continue a hearing did not comply with the signing requirements of CR 11. The HOA also asserted that the motion was untimely, having been filed on February 5, 2009, the day before the February 6, 2009 hearing. On February 12, 2009, the HOA moved for sanctions under CR 11. The trial court ultimately awarded the HOA fees and costs incurred for bringing the motion. *834 We affirm the trial court's award of sanctions as within its discretion, since the Stratford was in violation of court rules both by being untimely and by lacking an attorney's signature, as the court rules required.
¶ 29 Corporations appearing in court proceedings must be represented by an attorney. Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., Inc., 91 Wash.App. 697, 701, 958 P.2d 1035 (1998). LLCs, like corporations, are artificial entities that act only through member/agents. The rule applied to corporations in Lloyd, applies equally to LLCs. With few exceptions, only active members of the Washington State Bar Association may practice law, which includes representing another in court. RCW 2.48.170; APR 1(b); Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n, 91 Wash.2d 48, 56-57, 586 P.2d 870 (1978). The `pro se' exceptions are quite limited and apply only if the layperson is acting solely on his own behalf. Id. at 57, 586 P.2d 870. Here, because Webb is not an attorney, he cannot appear on behalf of Stratford, an LLC.
¶ 30 Stratford contends that the trial court abused its discretion in awarding sanctions, because Webb signed the motion on the reasonable belief that his action was "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law." CR 11.[4] Webb first made this argument to the trial court, submitting as support an article from the Illinois Business Law Journal discussing whether the rule against pro se representation could be a problem for LLCs. He also wrote a letter to the trial court explaining that he believed the rule as to whether LLCs could represent themselves was unclear and stating several reasons why he should have been permitted to represent the LLC. However, Stratford has not proven that it was an abuse of discretion for the trial court to apply the Lloyd Enterprises rule here and require Stratford to obtain representation before filing a motion.
¶ 31 The trial court also acted within its discretion by awarding the sanctions based on timeliness grounds. The HOA pointed out that the motion to continue was filed less than 24 hours before the hearing, failing to comply with CR 6, CR 56(f), or KCLCR 7(b)(4)(D). The HOA also argued that Stratford failed to properly serve its motion in accordance with court rules. CR 4(d). These grounds alone supported the trial court's exercise of discretion in granting CR 11 sanctions.

IV. Attorney Fees on Appeal

¶ 32 The HOA requests attorney fees on appeal in compliance with RAP 18.1. RCW 64.34.455[5] permits an award of fees to a prevailing party in an action brought under a condominium declaration. Since the HOA has not prevailed on appeal, we do not award it reasonable attorney fees.
¶ 33 We reverse the partial summary judgment and the default judgments, including attorney fees, costs, expenses, and out of pocket expenses incident to those judgments, but affirm the CR 11 sanctions, and remand.
WE CONCUR: SPEARMAN and BECKER, JJ.
NOTES
[1] The other claims raised by the HOA in its complaint included: breach of the implied warranty of habitability; breach of contract; violation of the Washington Consumer Protection Act, chapter 19.86 RCW; breach of fiduciary duty; liability under RCW 64.34.344; breach of duty to repair common elements; and misrepresentation and breach of RCW 64.34.405 and 64.34.410.
[2] Stratford also argues that in addition to abusing its discretion, the trial court erred as a matter of law, because it did not have jurisdiction to entertain the HOA's motion for discovery sanctions without first ensuring that the parties had met and conferred, as required by KCLCR 37(e) and CR 26(i). This argument is unpersuasive. As this court held in Amy v. Kmart of Wash., LLC, "failure to strictly comply with the procedural provision of CR 26(i) does not divest the court of jurisdiction to hear discovery motions. Likewise,. . . a court has discretion to decide whether to hear a motion even where the moving party has failed to strictly comply with the rule." 153 Wash.App. 846, 863, 223 P.3d 1247 (2009).
[3] CR 11 also states, in part:

If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.
[4] CR 11 states:

The signature of a party or of an attorney constitutes a certificate by the party or attorney that the party or attorney has read the pleading, motion, or legal memorandum, and that to the best of the party's or attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact; (2) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
[5] RCW 64.34.455 states:

If a declarant or any other person subject to this chapter fails to comply with any provision hereof or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. The court, in an appropriate case, may award reasonable attorney's fees to the prevailing party.