# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CARY WILLIAM MEIRE,      )
                         )     DIVISION ONE
                Appellant,  )
                         )     No. 68818-9-1
                v.            )
                         )     UNPUBLISHED OPINION
BRADLEY GALVIN and MONIKA    )
GALVIN,                   )
                         )
           Respondents.  )     FILED: August 19, 2013
                         )

DWYER, J. — This appeal arises out of a dispute between adjoining property owners, Cary Meire and Bradley and Monika Galvin. Meire brought suit against the Galvins, claiming damages and requesting injunctive relief as a result of ongoing excavation on the Galvins' property. Meire asserted several causes of action, including trespass, waste, and injury damages pursuant to RCW 4.24.630. The Galvins counterclaimed, also asserting trespass damages pursuant to RCW 4.24.630. They additionally sought an award of attorney fees and costs pursuant to Civil Rule (CR) 11 and RCW 4.24.630.

After a trial to the bench, the court found in favor of the Galvins on their statutory trespass claims and concluded that Meire had filed and prosecuted his

complaint in violation of CR 11. The court additionally found that Meire prevailed on one of his claims, proving damages in the amount of $150.00.

Meire appeals, contending that the trial court erred by awarding the Galvins damages pursuant to RCW 4.24.630, and by awarding the Galvins attorney fees, costs of suit, and investigative costs pursuant to both RCW 4.24.630 and CR 11.

Because we are unable to determine, based upon the trial court's findings, whether the amount of attorney fees and costs awarded was proper, we reverse the trial court's award of fees and costs and remand for further proceedings consistent with this opinion. In all other respects, we affirm the judgment.

I

In March 2004, Meire purchased a home in Point Roberts, Washington. The Galvins subsequently purchased an undeveloped lot adjacent to Meire's property. In 2008, Bradley Galvin hired a contractor to excavate his property in order to prepare it for construction of a home and a garage.

On September 14, 2009, Whatcom County issued the Galvins a "Revocable Encroachment Permit." The permit authorized them to build and use a driveway on a county right-of-way abutting their lot. The driveway was required to afford the Galvins access for construction of a retaining wall and a single family residence on their property.

After acquiring the permit, the Galvins encountered difficulties in following through with their initial plans to develop their property. This was so because Meire had installed paver bricks and parked a trailer on the county right-of-way

that was subject to the permit granted to the Galvins. Meire refused to comply with the Galvins' numerous requests to remove the paver bricks. Thus, the Galvins were forced to relocate and redesign the foundation of their future residence.

On August 13, 2010, Meire, acting pro se,[1] brought suit against the Galvins, seeking damages and injunctive relief as a result of their excavation. Meire asserted multiple claims, including timber trespass damages, pursuant to RCW 64.12.030 and RCW 4.24.630, as well as damages for trespass, waste and injury to his property, pursuant to RCW 4.24.630.

The Galvins counterclaimed, also asserting damages pursuant to RCW 4.24.630, and seeking injunctive relief. Pursuant to CR 11, they additionally sought an award of attorney fees and costs for defending against Meire's lawsuit.

On February 1, 2012, the Galvins filed a motion for summary judgment, seeking to dismiss all of Meire's claims. They submitted declarations from two engineers whom they had hired to determine whether the Galvins' excavation had caused damage or presented a danger to Meire's property, as he had alleged in his complaint. Both engineers concluded that there was no indication of anything more than a "de minimus" trespass onto Meire's property. They also opined that no evidence demonstrated that the excavation had impacted or damaged Meire's property. Finally, the engineers determined that the Galvins' excavation posed no threat to Meire's property.

---

[1] Meire subsequently retained counsel to represent him in the trial court proceedings.

The trial court granted the Galvins' motion for summary judgment and dismissed most of Meire's claims. Meire's claims for timber trespass damages and damages for trespass, waste and injury to property remained for trial.

After a six day trial, the court entered its "Findings of Fact, Conclusions of Law, Judgment and Order." The court found that Meire's claims were unsupported by the facts, grossly exaggerated, and "made willfully, maliciously and in bad faith." The court additionally determined that, during trial, Meire had "presented with insufficient memory" key factual elements, particularly when those factual elements "were not favorable to the theory of his case." The trial court concluded that Meire had filed and prosecuted his claims in violation of CR 11.

The trial court further concluded that Meire was liable to the Galvins pursuant to RCW 4.24.630. This conclusion was supported by the court's finding that Meire's positioning of the paver bricks and trailer on the county right-of-way was "a clear attempt to continuously block, impede, and otherwise impair [the Galvins'] use of and access to [their] property." The court also determined that Meire, or someone acting on his behalf, had wrongfully deposited construction material on the Galvins' property. Accordingly, the court awarded the Galvins a principal judgment in the amount of $72,795.00. This award included damages for the cost of removing and disposing of the construction waste, as well as the cost of relocating and redesigning the Galvins' future residence. The court additionally granted injunctive relief to the Galvins, which, among other things, prohibited Meire from interfering with the Galvins' use of and access to the

county right-of-way subject to the permit.

In addition, the trial court found that the Galvins had improperly trimmed Meire's cedar tree. However, the court also found that there was no evidence that the tree had sustained anything more than "de minimus" cosmetic damage. As a result, the trial court awarded Meire damages of $150.00, the cost of completing the pruning of the tree, but found that Meire was not entitled to an award of attorney fees or costs on his statutory trespass claim.

In its conclusions of law, the trial court determined that the Galvins "should be awarded their costs of suit, investigative costs and attorney fees, pursuant to RCW 4.24.630 and CR 11." The court's fee and cost award granted the Galvins attorney fees in the amount of $61,302.50, costs of suit and arborist fees in the amount of $4,393.45, and investigative costs in the amount of $5,700.00.

Meire appeals.

II

Meire first contends that the trial court erred by awarding the Galvins damages in the amount of $10,000.00 because, he asserts, RCW 4.24.630 does not provide a claimant relief for trespass onto land that is not owned by the claimant. We disagree.

Questions of law, such as this one, are reviewed de novo. Sunnyside Valley Irrigation Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

RCW 4.24.630(1) provides, in pertinent part:

> Every person who goes *onto the land of another* and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully

injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury.[2]

(Emphasis added.)

Meire contends that the statutory language, "onto the land of another," indicates that the trespass statute only provides a remedy to the owners of the land. Thus, he asserts, because Whatcom County—and not the Galvins—owned the land upon which the paver bricks and trailer were placed, the Galvins were not entitled to relief pursuant to RCW 4.24.630.

In essence, Meire argues that the Galvins did not assert a claim for which relief could be granted pursuant to RCW 4.24.630. "[A]s the plain language of RCW 4.24.630(1) envisions wrongful conduct, any violation of that statute is analogous to an intentional tort." Standing Rock Homeowners Ass'n v. Misich, 106 Wn. App. 231, 246, 23 P.3d 520 (2001). In Washington, the intentional tort of trespass[3] imposes liability on a person who intrudes "onto the property of another that interferes with the other's right to exclusive possession." Phillips v. King County, 136 Wn.2d 946, 957 n.4, 968 P.2d 871 (1998) (citing Hedlund v.

---

[2] The remainder of this section provides:
For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act. Damages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.
RCW 4.24.630(1).
[3] To establish intentional trespass, a claimant must show (1) an invasion of property affecting an interest in exclusive possession, (2) an intentional act, (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest, and (4) actual and substantial damages. Bradley v. Am. Smelting & Ref. Co., 104 Wn.2d 677, 692-93, 709 P.2d 782 (1985).

White, 67 Wn. App. 409, 418 n.12, 836 P.2d 250 (1992)). According to the Restatement (Second) of Torts, a person is in "possession" of land when he or she:

>     (a) is in occupancy of land with intent to control it, or
>     (b) has been but no longer is in occupancy of land with intent to control it . . . , or
>     (c) has the right as against all persons to immediate occupancy of land, if no other person is in possession as stated in Clauses (a) and (b).

RESTATEMENT (SECOND) OF TORTS § 157 (1965). Thus, it is the intrusion upon one's right to possession—and not one's right of ownership—that is the gravamen of an RCW 4.24.630 trespass claim.

Here, the permit gave the Galvins a right to construct and use a driveway on Whatcom County's right-of-way. Although the Galvins did not own the land, they did have the right to occupy and control it through the construction and use of a driveway. Thus, they had a right to the possession of the right-of-way. Nevertheless, Meire—who acquired no such permit—installed paver bricks and parked a trailer directly on this land ("the land of another"). By doing so, he infringed upon the Galvins' right to possess and use the right-of-way. Hence, the Galvins proved their cause of action under RCW 4.24.630 and were entitled to recover damages accordingly.

The trial court did not err by awarding the Galvins damages on this claim.

III

Meire next contends that the trial court erred by awarding the Galvins damages on their statutory trespass claim because, he asserts, the Galvins did

not prove the amount of damages attributable to this claim to a reasonable certainty or with the best evidence. We disagree. Sufficient evidence was presented to support the trial court's award.

Where the trial court weighs the evidence in a bench trial, our review is limited to determining whether substantial evidence supported the trial court's findings of fact and whether those findings support the court's conclusions of law. Standing Rock, 106 Wn. App. at 242-43. Substantial evidence is "a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Dickie, 149 Wn.2d at 879 (citing Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)).

"A trier of fact has discretion to award damages which are within the range of relevant evidence." Mason v. Mortg. Am., Inc., 114 Wn.2d 842, 850, 792 P.2d 142 (1990). In considering a fact finder's award of damages, we will only disturb such an award where it is "outside the range of substantial evidence in the record, or shocks the conscience, or appears to have been arrived at as the result of passion or prejudice." Mason, 114 Wn.2d at 850. "'Evidence of damage is sufficient if it is the best evidence available and affords a reasonable basis for estimating the loss.'" Spradlin Rock Prods., Inc. v. Pub. Util. Dist. No. 1 of Grays Harbor County, 164 Wn. App. 641, 663, 266 P.3d 229 (2011) (internal quotation marks omitted) (quoting Kwik-Lok Corp. v. Pulse, 41 Wn. App. 142, 150, 702 P.2d 1226 (1985)). A claimant need not prove damages with mathematical certainty. Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc., 160 Wn. App. 728, 737, 253 P.3d 101 (2011).

Here, the trial court awarded the Galvins $10,000.00 for expenses incurred in relocating and redesigning their future house as a result of Meire's interference with their permit rights. The court properly based its award on Galvin's testimony:

| | |
|---|---|
| [Galvins' counsel] | Now, can you give the court an approximation of how much time and the cost to you for the time involved in relocating the foundation of your house due to the refusal by Mr. Meire to move his pavers and his parked trailer? |
| [Galvin] | Did you say – I'm sorry, did you say time or money? |
| [Galvins' counsel] | Both. |
| [Galvin] | Well, you know, re-sketching, going to the engineer, making a new plan, his hours are on a previous invoice for that part. And as far as the money, it's difficult. The whole footprint is changed. You are required to have two off-street parking stalls, so in order to do that, I had to turn the entire building to get the parking. So I have tamped and prepared, you know, half of my lot. The building footprint is now redundant, so massive, like weeks and weeks of rolling and truckloads of geofill are obsolete due to the changing in the driveway. I couldn't give you a dollar figure. |
| [Galvins' counsel] | You need to give the court a range. |
| [Galvin] | Did I say $10,000? That's between 7 and 14. Could I say 10,000 range? |
| [Galvins' counsel] | Okay. Seven to 14 thousand? |
| [Galvin] | Yes, sir. |
| [Galvins' counsel] | Best guess is ten. And where did that—how was that money spent? Are we talking about the engineer? Did it involve the engineers? |
| [Galvin] | No. That was the money that was spent that now became redundant. That was the truckloads of gravel and broadcasting it and tamping it in an area that is no longer a building footprint. The building is one third the size it originally was. |

Meire contends that this testimony was not reasonably certain to prove the Galvins' damages. However, mathematical precision is not necessary to prove damages. Madison Harmony Development, Inc., 160 Wn. App. at 737. Rather, the range of loss testified to by Galvin—between $7,000.00 and $14,000.00—afforded the trial court a reasonable basis from which to estimate the Galvins' loss. Spradlin Rock Prods., Inc., 164 Wn. App. at 663. Indeed, the trial court's award of $10,000.00 was well within this range.[4] Mason, 114 Wn.2d at 850.

Nor does Meire establish that the trial court's award to the Galvins in the amount of $14,265.00 was unsupported by the evidence. This award was based upon the estimated cost of removing the waste that Meire had discarded onto the Galvins' property. Specifically, the Galvins were awarded $9,000.00 for the cost of excavating and hauling away the waste, and $5,265.00 for disposing of the waste at a legal site. Contrary to Meire's assertion, the Galvins presented substantial evidence to prove these amounts.

The trial court admitted into evidence a price estimate provided by Robert Jewell—a contractor who excavated the Galvins' property—to remove, load, and dispose of the waste. The estimate contained fixed charges in the amount of $2,000.00 for a bin surcharge for contaminated waste and $7,000.00 to remove and haul the waste, a total of $9,000.00.

The estimate also contained an item described as "waste disposal," at a cost of 13 cents per pound. However, a final total for this item was not set forth in the estimate because the total weight of the waste was undetermined at the

---

[4] Notably, Meire made no attempt to rebut this testimony.

time the estimate was prepared. At trial, Jewell testified to his belief that approximately 15 cubic yards of waste was situated on the Galvins' property. Subsequently, Galvin, an experienced professional carpenter and builder, provided testimony to complete the computation of damages for the estimated disposal of waste. He explained that 27 cubic feet is equal to one cubic yard and that one cubic foot of the waste weighs 100 pounds:

| [Galvins' counsel] | Now, Mr. Jewell testified yesterday that I think it's $0.13 a pound to haul off that kind of material. Have you experience in determining the weight of that type of material? |
|---|---|
| [Galvin] | Dirt with rocks in it is about a hundred pounds a foot. Cubic foot. |
| [Galvins' counsel] | Cubic feet? |
| [Galvin] | Yeah. Six cubic feet to a wheelbarrow and 27 to a yard. |
| [Galvins' counsel] | Soil is different in weight whether it's wet or dry or whether there is rocks. So it's your testimony today it's about a hundred pounds for that type of material? |
| [Galvin] | That's generally the understood number. It can go anywhere from 70 for mulchy stuff to 70 pounds and over 200 for[,] like[,] limestone. It's real heavy. |

Based on Galvin and Jewell's testimony, the total estimated cost of waste disposal amounted to $5,265.00,[5] which is precisely the amount of damages awarded to the Galvins by the trial court.

Substantial evidence supported the trial court's award of damages to the Galvins in the amounts of $10,000.00 and $14,265.00.[6]

---

[5] The mathematical calculation used to compute the total cost for waste disposal is as follows: 15 cubic yards * 27 cubic feet/1 cubic yard * 100 pounds/1 cubic foot * $0.13/1 pound = $5,265.00.

IV

Meire next contends that the trial court erred by granting an award of attorney fees, investigative costs, and costs of suit to the Galvins pursuant to CR 11 and RCW 4.24.630. Because the trial court neither segregated the amounts awarded as between the rule and the statute, nor accounted for Meire's success on an affirmative claim in calculating the award, we reverse the fee and cost award and remand to the trial court for entry of sufficient findings of fact and recomputation of the award.

We do not disturb a trial court's decision to grant or deny an award of attorney fees absent an abuse of discretion. Roats v. Blakely Island Maint. Comm'n, Inc., 169 Wn. App. 263, 283-84, 279 P.3d 943 (2012). "A trial court abuses its discretion if its order is manifestly unreasonable or is based on untenable grounds." Marina Condo. Homeowner's Ass'n v. Stratford at Marina, LLC, 161 Wn. App. 249, 263, 254 P.3d 827 (2011).

A fee award must be supported by findings of fact and conclusions of law that sufficiently establish an adequate record for review. Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998). "[T]he absence of an

---

[6] Meire additionally argues that the Galvins did not produce evidence showing that Meire was the individual responsible for installing the paver bricks or that Meire dumped the waste discovered on the Galvins' property. However, the record demonstrates that the Galvins did, in fact, produce evidence indicating that Meire installed the paver bricks and dumped material onto their property. With regard to the installation of the paver bricks, Meire himself testified that he placed the paver bricks on the county right-of-way. Furthermore, Galvin provided testimony evincing that Meire had installed the paver bricks and that Meire refused to remove them. With regard to the waste damages, a contractor whom the Galvins' had hired testified that, when he was performing excavation work on Meire's property, he observed contractors hired by Meire discarding excavated material and waste onto the Galvins' property. Thus, Meire's contention is false.

adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." Mahler, 135 Wn.2d at 435.

Here, the trial court awarded the Galvins attorney fees in the amount of $61,302.50, costs of suit in the amount of $4,393.45,[7] and investigative costs in the amount of $5,700.00.[8] These fees and costs were awarded pursuant to both RCW 4.24.630 and CR 11.

CR 11 authorizes the trial court to impose sanctions against a party upon any violation of the rule.[9] Sanctions may include an award of reasonable attorney fees and expenses. CR 11(a). The rule states, in relevant part:

> If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

CR 11(a). Thus, because the trial court determined that Meire violated CR 11,[10] the Galvins were entitled to an award of fees and costs incurred in defending against Meire's claims brought in violation of the rule.

---

[7] The trial court's award of "$4,393.45 for costs" included $2,200.00 for arborist fees.

[8] These investigative costs were for engineering fees incurred by the Galvins.

[9] Pursuant to CR 11, the signature of a party or attorney on a pleading, motion, or legal memorandum constitutes a certificate by that party or attorney that the pleading, motion, or legal memorandum is (1) well grounded in fact, (2) warranted by existing law or a good faith argument for a change in existing law, (3) not interposed for an improper purpose, and (4) contains only factual contentions or denials warranted by the evidence. CR 11(a).

[10] Meire contends that the trial court erred by awarding the Galvins fees pursuant to CR 11 because, he asserts, no evidence supported a finding that Meire violated CR 11. However, the record belies Meire's assertions. The trial court's CR 11 determination was supported by evidence and the court properly issued sufficiently specific factual findings supporting the decision to impose sanctions. Meire's claim to the contrary fails.

In addition, the trespass statute, RCW 4.24.630, allows the court to award an injured party its "reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs." RCW 4.24.630(1). The trespass statute limits a fee award to fees and costs associated with bringing an affirmative trespass claim. Accordingly, because the trial court found Meire liable to the Galvins pursuant to their affirmative trespass claims, the Galvins were entitled to an award of costs and fees incurred in asserting those claims.

However, although Meire was unsuccessful on almost all of his claims, he prevailed on his claim regarding the improper pruning of his cedar tree, and was awarded damages in the amount of $150.00. Although a modest award, it is nevertheless problematic because neither CR 11 nor RCW 4.24.630 provides a basis for awarding fees and costs to the Galvins for defending against this claim. The Galvins were not entitled to an award based on this claim pursuant to CR 11 because Meire prevailed on it and, thus, it was not brought in violation of the rule. Similarly, the Galvins could not recover an award of fees and costs incurred in defending against this claim pursuant to RCW 4.24.630 because it was not a component of their affirmative trespass claims.

Thus, it would have been improper for the trial court to include in its fee and cost award any fees or costs incurred by the Galvins in defending against the one claim on which Meire prevailed. Unfortunately, however, the trial court's findings of facts and conclusions of law do not enable us to discern with precision whether the trial court made such an award. This is so because the trial court did

not segregate the fees and costs awardable pursuant to CR 11 from those awardable pursuant to the Galvins' affirmative statutory trespass claim, nor did it specifically account, in its CR 11 findings, for the fact that Meire prevailed on this claim.

Accordingly, the award of attorney fees and costs, including investigative costs, must be reversed and this matter remanded for the entry of necessary findings of facts and conclusions of law regarding the fee and cost award. Mahler, 135 Wn.2d at 435. On remand, we direct the trial court to undertake the appropriate segregation of fees and costs recoverable pursuant to CR 11 and those recoverable pursuant to the Galvins' affirmative statutory trespass claim.

Moreover, the cost of litigating the amount of the fee award on remand is itself compensable. See Fisher Properties, Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 378, 798 P.2d 799, 804 P.2d 1262 (1990). The trial court should take this into consideration in reaching its decision on remand.

V

The Galvins request an award of attorney fees on appeal pursuant to RAP 18.1 and RCW 4.24.630(1). Meire makes no such request.

"Where a statute allows an award of attorney fees to the prevailing party at trial, the appellate court has inherent authority to make such an award on appeal." Standing Rock, 106 Wn. App. at 247. As previously discussed, RCW 4.24.630 provides for an award of attorney fees, investigative costs, and other litigation expenses. Thus, the Galvins are entitled to an award of fees for work done on appeal defending the underlying judgment amount. Because they do

not prevail on the attorney fee issue, they are not entitled to an award of appellate fees for work done on that issue. To avoid duplication, we direct the trial court on remand to include in its amended judgment an amount awarded for recoverable fees on appeal. RAP 18.1(i).

We affirm the trial court's order awarding the Galvins damages pursuant to RCW 4.24.630, reverse the trial court's fee and cost award, and remand for further proceedings consistent with this opinion.

We concur: