

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2019 JAN 14 AM 9: 31

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TOM LYTH and MARJA-LIISA LYTH, husband and wife, | No. 76946-4-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CHRISTIAN LEE HATCH and JANE DOE HATCH, husband and wife and the marital community thereof, | |
| Appellants, | |
| LYNN MOSER and JOHN DOE MOSER, husband and wife and the marital community thereof, | |
| Defendants. | FILED: January 14, 2019 |

CHUN, J. — Tom and Marja-Liisa Lyth sued Christian (Chris)[1] and Stacie Hatch, and their marital community, for trespass and damages. On the day of trial, Stacie failed to appear but Chris appeared, and agreed to a stipulated judgment against both defendants. Stacie did not sign the judgment. More than three years later, the Hatches filed a motion to vacate the judgment as void under CR 60(b). They claimed lack of jurisdiction, arguing a lack of compliance with CR 2A for the stipulated judgment. The trial court denied the motion to vacate. We affirm.

---

[1] This opinion refers to the parties by first names where necessary to prevent confusion. We do not intend any disrespect.

I.
BACKGROUND

In March 2011, the Lyths filed a lawsuit for trespass and damages against Chris and Stacie, as husband and wife, and their marital community based on Chris's unauthorized logging activity on the Lyths' recreational property.[2] Soon after, counsel filed a notice of appearance on behalf of both Chris and Stacie. Chris and Stacie answered the complaint through counsel in April 2011.

Defense counsel requested a protective order under CR 26(c) on behalf of both Chris and Stacie to allow them to designate personal identifying information as confidential. Chris's role in logging a former green belt property had already exposed them to harassment and litigation. The trial court issued the protective order.

The Lyths filed a motion for summary judgment against Chris and Stacie on December 21, 2011. The Hatches' counsel withdrew from representation in January 2012. Chris filed a written "DEFENDANTS OPPOSITION" to the motion for summary judgment and a demand for a jury trial on behalf of the defendants.

In February 2012, the trial court granted the Lyths' motion for summary judgment on the fact that 14 trees had been damaged or removed from their property, but reserved the determination of damages for trial.

Stacie filed a petition for marital dissolution in March 2012.

The Lyths filed another motion for summary judgment on November 15, 2012. On January 11, 2013, the trial court granted this motion, awarding the

---

[2] The complaint identified Stacie as Jane Doe Hatch. The Lyths also named Lynn Moser, John Doe Moser, and their marital community, as defendants in the lawsuit but they play no role in this appeal.

Lyths a judgment of $53,665, plus attorney fees and costs.[3] The trial court noted Chris and Stacie were pro se. The court stayed enforcement of the judgment until January 18, 2013, and allowed for vacation of the judgment if the Hatches paid $1,000 in terms.

Soon after, new defense counsel entered a limited notice of appearance to notify the court of the Hatches' compliance with the order to pay terms and to respond to the motion for summary judgment. Counsel then submitted a response to the motion for summary judgment on behalf of both Chris and Stacie. In February 2013, the trial court vacated the summary judgment order for damages.

On March 6, 2013, the trial court granted partial summary judgment for the Lyths, establishing the value of the removed trees, but reserving the issues of liability, treble damages, and attorney fees and costs for trial. Counsel signed on behalf of "Defendants Hatch." Counsel withdrew from representation in April 2013.

Chris subsequently signed an order setting a trial date for "Christian Lee Hatch and Stacie Hatch, Husband and Wife." Stacie did not sign.

Meanwhile, Whatcom County Superior Court dismissed Stacie's petition for marital dissolution for want of prosecution on August 29, 2013.

The parties proceeded to trial on December 3, 2013. Chris appeared without counsel. Stacie did not appear. Before commencement of trial, Chris

---

[3] The judgment is incorrectly dated 2012, but the trial court's notation and filing date reflect the 2013 date.

arrived at a settlement agreement with the Lyths. They appeared before the trial court and submitted a signed, stipulated judgment awarding the Lyths $69,459 in treble damages, emotional distress, and court costs from "Christian and Stacie Hatch, husband and wife, jointly and severally, and the marriage community thereof." Counsel for the Lyths noted Chris's presence and informed the court the judgment was "signed by everybody." Chris stated his agreement on the record. Stacie neither signed the stipulated agreement nor entered her agreement on the record in court.

In May 2014, counsel for the Lyths sent a writ of garnishment to the Hatches for the ongoing judgment debt. The paperwork arrived from the Lyths' counsel by certified mail addressed to Chris. Stacie signed for the document. The Lyths' counsel sent garnishment papers again in August 2014, in a certified mail envelope addressed to "Christian Lee Hatch and Stacie Hatch, husband and wife." The envelope also identified the sender as the Lyths' counsel and included a notation, "(Lyth)." Stacie signed for these documents as well. Similar letters from the Lyths' counsel were delivered and signed for by Stacie in November 2014, March 2015, and September 2015.

Through counsel, Stacie filed a notice of appeal of the judgment with this court on March 18, 2016 – over two years after entry of the stipulated judgment. She requested an extension of time to file an appeal, claiming she had no knowledge of the lawsuit or judgment until recent supplemental proceedings in the matter. On June 17, 2016, the commissioner dismissed review because Stacie filed the appeal "more than two years late," and "has not demonstrated the

extraordinary circumstances required by RAP 18.8(b) to grant an extension to file the notice of appeal."

In December 2016 - over three years after the entry of the stipulated judgment - the Hatches' counsel filed a motion to vacate the judgment as to Stacie's community property interest and separate property. Stacie claimed she "was never personally served or otherwise made aware of the litigation at issue until well after the Judgment was entered." Specifically, Stacie stated she was "completely unaware of our community involvement in this action until late February 2016." She further claimed she had not authorized Chris to enter any judgment on her behalf.

The trial court denied the motion to vacate. The Hatches moved for reconsideration, which the trial court also denied. The Hatches subsequently brought a motion for CR 11 sanctions against the Lyths and their counsel for misrepresentations by counsel. The trial court denied this motion as well.

The Hatches timely appeal the trial court's orders denying the motion to vacate, the motion to reconsider, and the motion for CR 11 sanctions.

II.
ANALYSIS

A. CR 60(b) Motion to Vacate

Under CR 60(b), a trial court may vacate a judgment in cases where the ground alleged pertains to something extraneous to the action of the court or the regularity of its proceedings. Burlingame v. Consol. Mines and Smelting Co., Ltd., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). An appeal from denial of a

CR 60(b) motion is limited to the propriety of the denial, not the underlying judgment. Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980). "Errors of law are not correctable through CR 60(b); rather, direct appeal is the proper means of remedying legal errors." Burlingame, 106 Wn.2d at 336.

For relief under CR 60(b), a party must bring a motion within "a reasonable time." "The critical period is between when the moving party became aware of the judgment and when it filed the motion to vacate." Ha v. Signal Elec., Inc., 182 Wn. App. 436, 454, 332 P.3d 991 (2014). What constitutes a reasonable time depends on the facts and circumstances of the case. Ha, 182 Wn. App. at 454. Major factors include prejudice to the nonmoving party and whether the moving party had good reasons for the delay. Luckett v. Boeing, 98 Wn. App. 307, 312-13, 989 P.2d 1144 (1999). However, a motion to vacate a judgment as void under CR 60(b)(5) may be brought at any time after entry of judgment. Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010). Courts have a mandatory, nondiscretionary duty to vacate a void judgment. Ahten, 158 Wn. App. at 350.

On appeal, the Hatches fail to cite specific grounds for CR 60(b) relief from judgment. Below, the Hatches requested relief under CR 60(b)(4), (5), and (11). An appellate court will not overturn a trial court's decision on a motion to vacate a judgment under CR 60(b)(4) or (11) absent an abuse of discretion. Scanlon v. Witrak, 110 Wn. App. 682, 686, 42 P.3d 447 (2002). Discretion is abused when exercised on untenable grounds or for untenable reasons. Scanlon, 110 Wn. App. at 686. We review de novo a CR 60(b)(5) motion to

6

vacate a judgment as void for lack of jurisdiction. Brown v. Garrett, 175 Wn. App. 357, 367, 306 P.3d 1014 (2013).

In this case, any request for relief under CR 60(b)(4) and (11) is untimely. The stipulated judgment was entered in December 2013. The Hatches filed the motion to vacate in December 2016. Stacie attributes this lapse of more than three years to her claim that she did not know about the litigation or judgment until supplemental proceedings in 2016. The record contradicts this claim.

Counsel represented both Chris and Stacie at the outset of the litigation, as shown by the notice of appearance filed for both defendants. Counsel filed for an order of protection on behalf of both Chris and Stacie. Subsequent counsel responded to the motion for summary judgment for both Chris and Stacie. All pleadings indicate counsel's representation of Chris, Stacie, and their marital community. Furthermore, Stacie signed for acceptance of four separate letters of garnishment addressed to herself and Chris, clearly marked as sent by the attorney for the Lyths. This involvement clearly demonstrates Stacie's knowledge of the lawsuit.

Stacie's claim of ignorance of the lawsuit and judgment strains credulity and does not provide an adequate reason for the excessive delay in filing a motion to vacate. Therefore, the Hatches did not timely file for relief under CR 60(b)(4) and (11). The trial court did not abuse its discretion by dismissing the motion to vacate on these grounds.

As noted above, a party may bring a motion to vacate a void judgment under CR 60(b)(5) at any time. See Ahten, 158 Wn. App. at 350. A void

judgment is a judgment entered by a court that lacks jurisdiction of the parties or the subject matter, or lacks the inherent power to enter the order. State ex re. Turner v. Briggs, 94 Wn. App 299, 302, 971 P.2d 581 (1999). "If the requirements of CR 2A are not followed, the resulting judgment is void and may be challenged and vacated at any time." Turner, 94 Wn. App 299 at 304. The Hatches contend the trial court abused its discretion by failing to vacate the judgment as void. Specifically, the Hatches claim the trial court lacked jurisdiction to enter the stipulated agreement because Stacie did not appear in court or sign the agreement as required by CR 2A. We disagree.

Washington law allows for one spouse to defend a lawsuit on behalf of the other:

> If the spouses or the domestic partners are sued together, either or both spouses or either or both domestic partners may defend, and if one spouse or one domestic partner neglects to defend, the other spouse or other domestic partner may defend for the nonacting spouse or nonacting domestic partner also.

RCW 4.08.040. In this case, the lawsuit named both Chris and Stacie, as husband and wife, and their marital community. Because Stacie neglected to defend by failing to appear for trial, Chris was statutorily permitted to defend the lawsuit on her behalf and on behalf of their marital community. Furthermore, outside of certain exceptions inapplicable in this case, either spouse may manage and control community property. See RCW 26.16.030. Therefore, Chris had the authority to obligate the marital community to the judgment.

The parties do not dispute that Chris complied with CR 2A to enter the stipulated judgment. Therefore, in defending himself and his nonacting spouse in

8

the lawsuit, Chris fulfilled the requirements of CR 2A and entered into a valid and enforceable stipulated judgment. The stipulated judgment is not void of lack of jurisdiction and the trial court did not err by denying the motion to vacate.

Finally, Stacie claims the judgment is void because the court lacked authority to enter a judgment against her share of the community property and her separate property. RCW 26.16.190 provides, "For all injuries committed by a married person or domestic partner, there shall be no recovery against the separate property of the other spouse or other domestic partner except in cases where there would be joint responsibility if the marriage or the state registered domestic partnership did not exist." This generally exempts a non-tortfeasor spouse's separate property from collection for the torts of the tortfeasor. Haley v. Highland, 142 Wn.2d 135, 148, 12 P.3d 119 (2000). While Stacie correctly notes that her separate property is not liable for Chris's intentional tort, CR 60(b) cannot provide relief for this error of law. CR 60(b) only provides relief for irregularities pertaining to the procedure or issues extraneous to the action. See Burlingame, 106 Wn.2d at 336. Errors of law must be corrected on appeal of the original judgment. See Burlingame, 106 Wn.2d at 336.

The Hatches fail to demonstrate an extraneous or procedural irregularity producing a void judgment for the purposes of CR 60(b)(5). The trial court did not err in denying the motion to vacate.[4]

---

[4] Because we affirm the trial court's denial of the motion to vacate, we also affirm the denial of the reconsideration of the decision.

9

B. Motion for CR 11 Sanctions

In addition to the motion to vacate, the Hatches moved for CR 11 sanctions against the Lyths and their attorney, based on the attorney's alleged misrepresentation that the CR 2A agreement was stipulated and fully executed. The trial court denied the motion.

CR 11 establishes that "an attorney's signature is his or her certification that the pleading, brief, or motion is '(1) . . . well grounded in fact; [and] (2) . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law.'" Ames v. Pierce County, 194 Wn. App. 93, 120, 374 P.3d 228 (2016) (quoting CR 11(a)). A trial court may award sanctions if a party's filing does not comply with CR 11. Lee v. Kennard, 176 Wn. App. 678, 690, 310 P.3d 845 (2013). "Normally. . . late entry of a CR 11 motion would be impermissible, since without prompt notice regarding a potential violation of the rule, the offending party is given no opportunity to mitigate the sanction by amending or withdrawing the offending paper." Biggs v. Vail, 124 Wn.2d 193, 198, 876 P.2d 448 (1994). Parties must provide notice of possible CR 11 violations as soon as possible. Biggs, 124 Wn.2d at 198.

An appellate court reviews a trial court's decision on CR 11 sanctions for abuse of discretion. Marina Condo. Homeowner's Ass'n v. Stratford at Marina, LLC, 161 Wn. App. 249, 263, 254 P.3d 827 (2011). A trial court abuses its discretion if its order is manifestly unreasonable or based on untenable grounds. Marina Condo., 161 Wn. App. at 263.

The Hatches moved for CR 11 sanctions in April 2017, more than three years after counsel's statements at entry of the stipulated judgment. A delay of more than three years is not prompt notification of a potential rule violation. Therefore, the trial court did not abuse its discretion in denying this untimely request.

Furthermore, the Hatches base their claim for CR 11 sanctions on counsel's alleged misrepresentation that the CR 2A was properly executed. As discussed above, Washington statute permitted Chris to defend the suit on Stacie's behalf. Therefore, counsel made no misrepresentations as to the validity of the CR 2A agreement. The trial court did not abuse its discretion by denying the motion for CR 11 sanctions.

C. Attorney Fees

The Lyths contend the Hatches filed a frivolous appeal and request fees. RAP 18.1(b) requires a party to devote a separate section of the brief to the request for fees. "The rule requires more than a bald request for attorney fees on appeal. Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs." Stiles v. Kearney, 168 Wn. App. 250, 267, 277 P.3d 9 (2012) (citation omitted).

In requesting attorney fees, the Lyths cite RAP 18.1 and RCW 4.84.185 and argue, "Stacie Hatch's appeal is frivolous as an appeal of an order denying a Motion to Vacate a judgment was entered by almost four years ago is frivolous." This statement lacks citation to authority or argument in support of the request and fails to satisfy the requirements of RAP 18.1. Furthermore, RAP 18.1 does

11

not provide a substantive legal basis for any fee award here; nor does RCW 4.84.185, which applies to trial court proceedings. Therefore, we deny the Lyths' request.

We affirm.

_____
Chun, J.

WE CONCUR:

_____
Schindler, J.

_____
Appelwick, C.J.