[No. 1931-1.    Division One.    December 17, 1973.]

WILLIAM WAGNER, *as Guardian, Appellant,* v. LUCILE F. McDONALD *et al., Respondents.*

*Senn & Treadwell* and *Charles L. Senn,* for appellant.

*Martin, Niemi, Burch & Mentele* and *Susan F. French,* for respondents.

SWANSON, C.J.—Is an order dismissing an action with prejudice for plaintiff's failure to appear at the time of trial res judicata and thus a bar to a subsequent suit based upon the same claim? The trial court ruled that such a prior order was res judicata, denied plaintiff's motion to vacate or modify the order, and dismissed plaintiff's personal injury action. Plaintiff William Wagner, as guardian ad litem for his minor child, appeals.

The operative facts for purposes of this appeal are as follows: William Wagner commenced an action to recover damages for injuries suffered by his minor child who was struck by an automobile allegedly driven by defendant Lucile F. McDonald. Approximately 3 weeks prior to the regularly scheduled trial date, plaintiff's attorneys were permitted to withdraw due to a lack of communication and cooperation on the part of the plaintiff. Nevertheless, the case came on for trial on January 21, 1971, in King County Superior Court. The plaintiff failed to appear, and an order was entered dismissing his complaint with prejudice. On July 26, 1972, Wagner brought a second cause of action virtually identical to the first. The defendant moved to dismiss plaintiff's second complaint on the basis that the same claim for damages had been dismissed previously with prejudice and was therefore res judicata. Plaintiff then petitioned the court to consolidate the two causes and to vacate the January 21, 1971, order dismissing his first complaint. The trial court consolidated the two actions but denied the motion to vacate or modify the prior judgment

of dismissal with prejudice and also dismissed plaintiff's second complaint with prejudice. This appeal followed.

Plaintiff assigns error to both the order dismissing his second complaint and to the order denying his motion to set aside or modify the January 21, 1971, judgment of dismissal with prejudice.

Plaintiff's argument as to the first claim of error rests upon the contention that because there was no adjudication of the cause of action on the merits, the trial court had no authority to enter the order of January 21, 1971, dismissing his first complaint with prejudice despite his failure to appear at the time of trial. Therefore, plaintiff contends that the doctrine of res judicata is not available to the defendant to bar the second complaint. In this context, the plaintiff, relying primarily upon *Luisi Truck Lines, Inc. v. State Util. & Transp. Comm'n*, 72 Wn.2d 887, 435 P.2d 654 (1967), asserts that the doctrine of collateral estoppel is inapplicable without proof of determination in the prior action of the same facts or issues claimed to be conclusive on the parties in the second action.

The defendant generally accepts the correctness of plaintiff's statement of the law dealing with the defense of res judicata, but contends the common-law rules relied upon by plaintiff have been abrogated by the adoption in 1967 of Civil Rules for Superior Court, primarily CR 40 and CR 41. Both parties substantially agree that unless the statutes or court rules accord res judicata effect to a dismissal for nonappearance at trial, such a prior dismissal is not res judicata. In this regard, plaintiff argues that RCW 4.56.120, which permits a nonsuit if the plaintiff fails to appear at the time of trial, and the holding in *Peterson v. Parker*, 151 Wash. 392, 275 P. 729 (1929), where the court interpreted Rem. Comp. Stat. § 408, a statute virtually identical to RCW 4.56.120, make it clear that the common-law rules still govern dismissals in the state of Washington. Our Supreme Court in *Peterson* took the position that any abandonment of an action before final submission for judgment could not amount to an adjudication of the case upon the merits and

consequently could not result in a dismissal of the action with prejudice. However, neither party has directed us to a decision by any appellate court in this state, nor has our search revealed any, which has discussed the impact of CR 40 or CR 41 relative to the power of a superior court judge to dismiss an action with prejudice when the plaintiff fails to appear for trial.

In analyzing this question, it must be observed at the outset that to the extent our interpretation of CR 40 and CR 41 might conflict with RCW 4.56.120, the statute has been superseded by the Civil Rules for Superior Court, and such rules control. *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 P. 770 (1928); RCW 2.04.200. Civil Rule 40 (d) states:

> When a cause is set and called for trial, it shall be tried or dismissed, unless good cause is shown for a continuance. The court may in a proper case, and upon terms, reset the same.

Civil Rule 41 (b) (3) states in part, in discussing the effect of an involuntary dismissal:

> Unless the court in its order for dismissal otherwise specifies . . . and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Thus, inasmuch as a dismissal under CR 40 (d), which is required when a cause is neither tried, continued, or reset, is not a dismissal provided for in CR 41, it operates pursuant to CR 41 (b) (3) as an adjudication upon the merits, with certain exceptions not applicable to the case at bench. To summarize, when a case set for trial is regularly called for trial, CR 40 (d) clearly requires final disposition, a continuance upon a proper showing, or resetting. Civil Rule 41 (b) (3) makes it clear that an involuntary dismissal not provided for in CR 41, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party, operates as an adjudication upon the merits unless otherwise specified by the trial court.

■ In light of the foregoing analysis, it is notable that the federal rule comparable to CR 41(b)(3), Fed. R. Civ. P. 41(b),[1] has been interpreted to support a dismissal with prejudice by the trial court acting sua sponte where plaintiff failed to appear on the date set for trial. *Holcomb v. Holcomb*, 209 F.2d 794 (D.C. Cir. 1954). Moreover, the Supreme Court in *Link v. Wabash R.R.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962), sustained a dismissal by the district court sua sponte for want of prosecution and stated at page 629:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.

(Footnote omitted.) The court rested its decision upon the inherent power of the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases and held that Rule 41(b) in no way restricted such discretionary authority. *See Bishop v. Hamlet*, 58 Wn.2d 911, 365 P.2d 600 (1961); *State ex rel. Dawson v. Superior Court*, 16 Wn.2d 300, 133 P.2d 285 (1943). We subscribe to the view expressed in *Link* that, absent a showing of an abuse of discretion, trial courts must be supported in their effort to move cases along and prevent undue congestion in their calendars. *See also Davis v. United Fruit Co.*, 402 F.2d 328 (2d Cir. 1968); *Nasser v. Isthmian Lines*, 331 F.2d 124 (2d Cir. 1964); *Smith v. Stone*, 308 F.2d 15 (9th Cir. 1962). In *Link*, the Supreme Court held that under all of the circumstances there present, the failure of plaintiff's counsel to appear at a regularly scheduled pretrial conference was sufficient, in the context of other evidence of delay by the

---

[1] Fed. R. Civ. P. 41(b) states in part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

plaintiff, to justify the trial court in ordering a dismissal with prejudice, and therefore such order did not constitute an abuse of discretion. Similarly, we hold that the trial judge in the instant case did not abuse his discretion in dismissing plaintiff's second complaint based upon the January 21, 1971, dismissal with prejudice inasmuch as such order of dismissal was amply justified by the failure of the plaintiff to appear at trial coupled with evidence of other delay caused by the plaintiff, namely, a lack of communication and cooperation which resulted in the withdrawal of his counsel.

There is an additional reason why the January 21, 1971, order should be given res judicata effect, and that is that we must recognize the necessity that respect be shown to the convenience of the defendant who otherwise could be compelled to prepare a defense addressing the merits of the case on multiple occasions. Indeed, the Supreme Court has indicated that the preclusive effect to be given dismissals through the operation of the federal rule 41 (b) was intended to apply only to those situations in which a defendant must incur the inconvenience of preparing to meet the plaintiff's claims because there is no initial bar to the court's reaching the merits. *Costello v. United States*, 365 U.S. 265, 5 L. Ed. 2d 551, 81 S. Ct. 534 (1961). *See Papilsky v. Berndt*, 466 F.2d 251 (2d Cir. 1972); *Nasser v. Isthmian Lines, supra*. In this connection, the court in *Costello* stated at page 286:

> We do not discern in Rule 41 (b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition. All of the dismissals enumerated in Rule 41 (b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's

reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals "not provided for in this rule" also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable.

We conclude that the trial court was acting well within its discretion under the rules when it entered the January 21, 1971, order dismissing the plaintiff's complaint with prejudice and, inasmuch as such dismissal was "not provided for" in CR 41, it operates as an adjudication on the merits, having the effect of barring subsequent prosecution of the same cause of action, and therefore the trial court correctly dismissed the second complaint stating an identical cause of action.

In turning to plaintiff's second claim of error to the effect that the trial court erred in denying his petition pursuant to RCW 4.72.010, et seq., and CR 60, to modify or vacate the January 21, 1971, order dismissing his first complaint with prejudice, we note that plaintiff relies solely upon a single ground under CR 60, namely that stated in CR 60(b)(5): "The judgment is void . . . ."[2] In view of the fact we have resolved the question of the validity of the January 21, 1971, order of dismissal in a manner adverse to the plaintiff, the assignment of error is without merit.

The judgment is affirmed.

FARRIS and CALLOW, JJ., concur.

---

[2]Appellant did not seek relief under CR 60(b)(1) which provides relief for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order," inasmuch as more than 1 year had elapsed since the date of the January 21, 1971, order of dismissal. Such time limitation does not apply to a petition under CR 60(b)(5).