# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LEONARD C. DEWITT, | No. 47116-7-II |
| Appellant/Cross-Respondent, | |
| v. | |
| SHAWN E. MULLEN and KRISTINA M. LEMAY and the marital community comprised thereof, ALBERT C. HUNIU and JANE DOE HUNIU and the marital community comprised thereof, | PUBLISHED OPINION |
| Respondents/Cross-Appellants. | |

MAXA, J. – Leonard Dewitt filed a personal injury lawsuit against Shawn Mullen, Kristina Lemay, and Albert Huniu. On the scheduled trial date Dewitt did not appear. Although Dewitt's former attorney appeared, he was not prepared to proceed with trial. The trial court dismissed all claims with prejudice without stating the legal basis for the dismissal. Dewitt appeals the trial court's dismissal.

We hold that (1) the trial court had authority to dismiss Dewitt's case under CR 40(d) when Dewitt was not prepared to proceed with trial, and (2) in dismissing under CR 40(d) the trial court was not required to consider the factors stated in *Burnet v. Spokane Ambulance* – willfulness, prejudice, and sufficiency of lesser sanctions. 131 Wn.2d 484, 494, 933 P.2d 1036 (1997).

Earlier in the case, a different trial court judge had imposed monetary sanctions against Dewitt for failing to appear at a default motion that he had scheduled. The trial court subsequently granted Dewitt's motion to set aside the sanctions. Mullen and Lemay cross appeal the order setting aside the sanctions. We hold that the trial court had authority to revise the earlier sanctions order and did not abuse its discretion in setting aside the sanctions.

Accordingly, we affirm both the trial court's dismissal of Dewitt's lawsuit and the trial court's order setting aside the sanctions against Dewitt.

FACTS

In November 2013, Dewitt filed a personal injury lawsuit against Mullen and Lemay, identified as Mullen's wife, and Huniu and Jane Doe Huniu, identified as Huniu's wife. The complaint alleged that Mullen and Huniu entered Dewitt's home and physically attacked and injured him. Dewitt was not represented by an attorney. The trial court issued an order setting the case schedule, which listed the trial date as December 1, 2014.

*Case Developments*

On January 3, 2014, the trial court sent Dewitt a letter informing him that he had failed to comply with the case schedule by failing to file a confirmation of service. Over the next few months Dewitt served Mullen, Lemay, and Huniu.

On April 28, Dewitt filed a motion for a default order because none of the defendants had filed an answer to his complaint. He noted the motion for May 9.

Mullen filed an answer on April 30 and Lemay filed an answer on May 1. The record on appeal does not contain an answer from Huniu, but the trial court stated that Huniu had filed an answer. Dewitt did not strike the default motion.

2

On May 9, Dewitt failed to appear at the default hearing even though Mullen and Lemay did appear. The trial court found that each defendant had filed an answer to the complaint, and denied Dewitt's motion for default. Mullen and Lemay each requested attorney fees. The superior court ordered Dewitt to pay sanctions of $275 to Mullen and $825 to Lemay.

Dewitt filed a disclosure of witnesses on June 16, over three weeks after the May 21 deadline stated in the case schedule. There is no indication in the record that Dewitt filed a trial witness and exhibit list (due October 22), a certificate or declaration regarding alternative dispute resolution (due October 29), or a joint statement of evidence (due October 29).

In July 2014, attorney Nigel Malden filed a notice of appearance on behalf of Dewitt. On November 14, Malden filed a notice of his intent to withdraw from the case, with the notice becoming effective in 10 days. Malden later stated in a declaration that he had withdrawn because he "stopped getting a timely response to my communications at an important juncture." Clerk's Papers (CP) at 75.

*Dismissal of Case*

On December 1, the trial court convened for the first day of trial. Dewitt failed to appear. However, Malden – despite having withdrawn – was present along with counsel for Mullen and Lemay.[1]

Malden first made an oral motion to transfer the case to arbitration. The trial court apparently denied this motion. There is no indication in the record that Malden requested a continuance of the trial. Lemay apparently requested that the court dismiss the claims against

---

[1] The appellate record does not include a transcript of this proceeding. The only record is contained in a memorandum of journal entry.

her, and the trial court agreed.  Mullen then requested that the trial court dismiss the case against him.  The trial court questioned Malden about the case being out of compliance with the case schedule and Dewitt's absence, and about why the case should not be dismissed.  The trial court granted Mullen's motion to dismiss.

The trial court entered two orders of dismissal.  First, the trial court entered an order dismissing all claims against Lemay with prejudice.  Second, the trial court entered an order dismissing the case as to all defendants.  That order stated:

> This matter having come on for trial on December 1, 2014, and Plaintiff having failed to appear, but Nigel Malden, Attorney having appeared on his behalf, and further that Plaintiff has failed to comply with the case schedule order in multiple respects, and is not prepared to move forward to trial,
> Therefore, it is hereby Ordered, Adjudged and Decreed that this cause is dismissed as to all Defendants with prejudice.

CP at 59.

*Motion for Reconsideration*

Dewitt filed a motion for reconsideration of the dismissal of his lawsuit.  Dewitt apologized and stated that missing the trial date was not intentional.  He also explained that until recently he had wanted to take his case to trial, but that he could not secure the funds to pay medical experts to testify at trial or by deposition.  Dewitt requested that the court reinstate his case and transfer it to arbitration.  The trial court denied the motion for reconsideration.

*Motion to Set Aside Sanctions*

Along with the motion for reconsideration, Dewitt also filed a motion to set aside the monetary sanctions awarded against him in May 2014.  Dewitt stated that he did not appear for the default motion because he did not confirm the motion at the defendants' request and therefore it should have been automatically stricken by local rule.

4

Dewitt also submitted a declaration from his roommate, Michael Haan, who helped Dewitt prepare the default motion. Haan stated that Dewitt failed to confirm the motion because opposing counsel requested that it be taken off the calendar, and that he and Dewitt knew that by court rule an unconfirmed motion would be stricken. In addition, Haan stated that he had called opposing counsel's office about one hour before the hearing and left a message with a legal assistant confirming that the motion was stricken. Malden filed a declaration stating that the court's records showed that Dewitt never confirmed his default motion, which Malden asserted meant that the motion should have been automatically stricken.

Lemay's attorney filed a declaration stating that after filing an answer he requested that Dewitt strike his motion for default, but Dewitt never responded. The attorney admitted that he had not checked to see if the default motion had been confirmed, but stated that he would have appeared anyway. Mullen argued that an unconfirmed motion would not automatically be stricken under local rules and that Dewitt had no legal basis for setting aside the sanctions. The trial court considered Dewitt's motion to set aside the May 2014 monetary sanctions "in equity," and granted the motion. CP at 115.

Dewitt appeals the trial court's dismissal of his case and Mullen and Lemay cross appeal the trial court's setting aside the sanctions against Dewitt.

ANALYSIS

A.     DISMISSAL FOR FAILURE TO PROSECUTE

The trial court dismissed Dewitt's case because he had failed to comply with the case schedule and was not prepared to move forward to trial, but did not state the legal basis for dismissal. We hold that the trial court had authority to dismiss Dewitt's case under CR 40(d).

Dewitt argues that before dismissing the case, the trial court was required to consider the *Burnet* factors on the record. We hold that the *Burnet* factors are inapplicable to dismissal under CR 40(d).

1. Dismissal Under CR 40(d)

The interpretation of court rules is a question of law that we review de novo. *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, 174 Wn.2d 304, 307, 274 P.3d 1025 (2012). Therefore, we review de novo whether the trial court had authority to dismiss Dewitt's case under CR 40(d).

CR 40(d) states:

> When a cause is set and called for trial, it shall be tried or dismissed, unless good cause is shown for a continuance. The court may in a proper case, and upon terms, reset the same.

This rule "clearly requires final disposition, a continuance upon a proper showing, or resetting" when a case is called for trial. *Wagner v. McDonald*, 10 Wn. App. 213, 216, 516 P.2d 1051 (1973).

The plain language of CR 40(d) shows that a trial court has authority to dismiss a case when the plaintiff is not prepared to proceed to trial and there is no cause for a continuance or reset. When a case is called for trial, the rule states that it *shall* be tried or dismissed unless good cause is shown for a continuance or the trial court decides to reset the trial. In other words, CR 40(d) provides four options: trial, continuance for good cause, resetting the trial, or dismissal. The term "shall" means that the rule is mandatory. *See Planned Parenthood of the Great Nw. v. Bloedow*, 187 Wn. App. 606, 622, 350 P.3d 660 (2015) (use of "shall" in a statute is a mandatory directive). Therefore, if trial, continuance, and reset are not available options, the trial court must dismiss the case.

In *Wagner*, Division One of this court addressed the trial court's dismissal of an action with prejudice when the plaintiff failed to appear at the time of trial. 10 Wn. App. at 214. The court cited to CR 40(d), and stated that dismissal under that rule was distinct from dismissal under CR 41. *Id*. at 216. Although the court also discussed trial courts' inherent authority to manage their cases, *Wagner* supports a holding that CR 40(d) authorizes a trial court to dismiss a case when the plaintiff is not prepared to proceed to trial and there is no cause for a continuance or reset. *See also Eriksen v. Mobay Corp.*, 110 Wn. App. 332, 340, 41 P.3d 488 (2002) (citing CR 40(d) along with CR 41(b) to support the conclusion that the defendant is entitled to dismissal if the plaintiff does not appear and is unrepresented at trial).

We hold that CR 40(d) authorizes a trial court to dismiss a case that is called for trial when the plaintiff is not prepared to proceed to trial, there is no good cause for a continuance, and there is no basis for resetting the trial.

Here, the trial court expressly found in its dismissal order that Dewitt was "not prepared to move forward to trial." CP at 59. Dewitt does not challenge this finding. In addition, Dewitt did not move for continuance or suggest any basis for resetting the trial.[2] This means that the only remaining option under CR 40(d) was dismissal. Accordingly, we hold that the trial court

---

[2] Dewitt's attorney did request that the case be transferred to arbitration, and if the trial court had agreed such a transfer arguably could have been treated the same as a reset of the trial. However, CR 40(d) states that a trial court "may" reset the trial "in a proper case." This means that the trial court has discretion whether or not to reset the trial. Here, the trial court denied the request for arbitration and no basis for a transfer to arbitration appears in the record. Further, Dewitt does not argue on appeal that the trial court erred in failing to transfer the case to arbitration.

had authority under CR 40(d) to dismiss Dewitt's case when he was not prepared to proceed when the case was called for trial.[3]

### 3. Applicability of *Burnet* Factors

Dewitt argues that the trial court erred in dismissing his case without considering the *Burnet* factors – willfulness, prejudice, and sufficiency of lesser sanctions – on the record. *See Burnet*, 131 Wn.2d at 494. We hold that the *Burnet* factors are inapplicable to dismissal of a case under CR 40(d).

The court in *Burnet* held that a trial court must consider certain factors on the record before choosing one of the harsher remedies allowable under CR 37(b) for violation of a discovery order. 131 Wn.2d at 494. The Supreme Court expressed these factors as follows:

> When a trial court imposes dismissal or default in a proceeding as a sanction for violation of a discovery order, it must be apparent from the record that (1) the party's refusal to obey the discovery order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed.

*Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 686, 41 P.3d 1175 (2002). We review de novo whether the *Burnet* factors apply in a particular case. *Cf. Keck v. Collins*, 184 Wn.2d 358, 368, 357 P.3d 1080 (2015) (holding that precedent requires trial courts to consider the *Burnet* factors, but once they do the review is abuse of discretion).

---

[3] Because we hold that the trial court had authority to dismiss under CR 40(d), we do not address the trial court's authority to dismiss under the initial paragraph of CR 41(b), *see Alexander v. Food Servs. of Am., Inc.*, 76 Wn. App. 425, 429-30, 886 P.2d 231 (1994), or the trial court's inherent authority to dismiss for lack of prosecution. *See Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 166-67, 750 P.2d 1251 (1988).

The *Burnet* factors usually are applied when the trial court imposes sanctions for discovery violations. *E.g.*, *Blair v. TA-Seattle E. No. 176*, 171 Wn.2d 342, 348-51, 254 P.3d 797 (2011); *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684-85, 132 P.3d 115 (2006). They also have been applied to striking witnesses not timely disclosed pursuant to a case scheduling order. *Jones v. City of Seattle*, 179 Wn.2d 322, 338-43, 314 P.3d 380 (2013). Most recently, the Supreme Court applied the *Burnet* factors when the trial court struck an untimely filed summary judgment affidavit. *Keck*, 184 Wn.2d at 368-69.

The issue here is whether a trial court must apply the *Burnet* factors when dismissing a case under CR 40(d) when the plaintiff is not prepared to proceed to trial. No appellate court has addressed this issue.

Dewitt argues that the *Burnet* factors are directly applicable because the trial court based its dismissal in part on Dewitt's failure to comply with the case schedule. The trial court's dismissal order did note that Dewitt "has failed to comply with the case schedule order in multiple respects" before finding that he was not prepared to move forward to trial. CP at 59. However, we interpret the trial court's reference to the failure to comply with the case schedule as further evidence that Dewitt was not prepared to proceed with trial rather than as a stand-alone basis for dismissal. And Dewitt does not explain why the *Burnet* factors should be applied when dismissal under CR 40(d) is based on the plaintiff's failure to be ready for trial.

We hold that the *Burnet* factors are not applicable to dismissal under CR 40(d). As discussed above, the language of CR 40(d) states that the trial court must dismiss if the case cannot be tried, if there is not good cause for a continuance and the trial court does not reset the trial. Because CR 40(d) makes dismissal mandatory under certain circumstances, it would make

no sense to require the trial court to consider willfulness, prejudice, and lesser sanctions before dismissing a case under that rule.

The trial court had authority to dismiss under CR 40(d) and the *Burnet* factors are inapplicable to dismissal under that rule. Accordingly, we affirm the trial court's dismissal of Dewitt's lawsuit when he was not prepared to proceed to trial.

B.     SETTING ASIDE AWARD OF SANCTIONS

Mullen and Lemay argue that the trial court erred in granting Dewitt's motion to set aside the sanctions awarded against him because the motion was untimely under CR 59 and the trial court had no basis for setting aside the sanctions under CR 60. We disagree.

1.    Trial Court Authority

Mullen claims that CR 59 and CR 60 are the only conceivable rules under which Dewitt could have sought relief. However, Mullen ignores the fact that the trial court's sanctions order was not a final order. Under CR 54(b), a decision that adjudicates fewer than all of the claims in an action generally is subject to revision at any time before final judgment. In addition, one trial court judge is not foreclosed from revising another judge's earlier ruling. *See In re Estate of Jones*, 170 Wn. App. 594, 604-06, 287 P.3d 610 (2012).

Here, the trial court had entered an order dismissing Dewitt's case before he filed his motion to set aside the sanctions order. But the order of dismissal had not yet become final because Dewitt had filed a motion for reconsideration of that order. Therefore, the sanctions order was still subject to revision under CR 54(b).

10

2.    Trial Court Discretion

Whether to impose sanctions against a party is within the trial court's discretion. *See Hoover v. Warner*, 189 Wn. App. 509, 530, 358 P.3d 1174 (2015), *review denied*, 185 Wn.2d 1004 (2016) (reviewing trial court's decision to impose sanctions for discovery violations for an abuse of discretion). Therefore, we review the trial court's order setting aside the sanctions order under an abuse of discretion standard.

Here, Dewitt explained to the trial court that he never confirmed the default motion and therefore he believed that the motion automatically had been stricken. He also claimed that he had notified counsel that the motion had been stricken. Mullen and Lemay disputed that the motion would automatically be stricken if not confirmed and that Dewitt had contacted anyone about the motion. In the exercise of its discretion and considering the motion "in equity", the trial court decided to set aside the sanctions. CP at 115. Given these facts, there is no basis for us to find that the trial court abused its discretion.

We hold that the trial court had authority to set aside the sanctions ordered and did not abuse its discretion in setting aside that order.

C.    ATTORNEY FEES ON APPEAL

Mullen and Lemay request that we award them attorney fees under RAP 18.9 and RCW 4.84.185, arguing that Dewitt's appeal is frivolous. We disagree.

RCW 4.84.185 allows a court to require a party who brings a frivolous civil claim to pay the prevailing party's attorney fees and costs incurred in opposing the frivolous action. Likewise, RAP 18.9(a) allows this court to sanction a party who files a frivolous appeal. An appeal is frivolous when, considering the entire record and resolving all doubts in favor of the

appellant, it does not present any debatable issues about which reasonable minds might differ and "is so devoid of merit that there is no possibility of reversal." *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

Here, whether *Burnet* applies to dismissal under CR 40(d) is a question of first impression. As a result, the appeal is not frivolous. We deny Mullen and Lemay's request for attorney fees on appeal.

We affirm the trial court's dismissal of Dewitt's lawsuit and the trial court's order setting aside the sanctions against Dewitt.

MAXA, J.

We concur:

BJORGEN, C.J.

SUTTON, J.

12