# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LE & ASSOCIATES, P.S., a professional service corporation, | No. 73944-1-I |
| Respondent, | DIVISION ONE |
| ROBERTO DIAZ-LUONG and LAN THI NGUYEN, husband and wife, and the marital community comprised thereof, | UNPUBLISHED OPINION |
| Appellants, | |
| and | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation, and FARMERS INSURANCE COMPANY, a foreign corporation, and GEICO INDEMNITY COMPANY, a foreign corporation, | |
| Defendants, | |
| v. | |
| EDWARD K. LE and VIENNA T. LE, Individually and as spouses/partners, | FILED: September 26, 2016 |
| Respondents. | |

TRICKEY, A.C.J. — In this third appeal from litigation spanning nearly a decade, appellants Roberto Diaz-Luong and Lan Thi Nguyen challenge the dismissal of their counterclaims and third party claims for willful noncompliance with court orders. We affirm.

FACTS

Most of the pertinent facts and procedural history are set forth in our previous decisions in this case[1] and will be repeated here only when necessary to explain our decision.

Appellants are attorneys formerly employed by the law firm Le & Associates, P.S. (the firm). In 2007, the firm sued them for quantum meruit, tortious interference with business expectancy, replevin, and other causes of action. The firm alleged that when appellants separated from the firm, they downloaded client files, printed hard copies, and used the information to solicit business in violation of a separation agreement with the firm.

Appellants pleaded counterclaims and third party claims, including claims for unpaid wages, quantum meruit, tortious interference, injunctive relief, replevin, conversion, and embezzlement.

In 2008, the firm obtained a preliminary injunction which, among other things, prohibited appellants from using, copying, modifying, or deleting information in the files or database of the firm. The injunction also required them to identify all computers containing the misappropriated client list, pay for a professional to examine all computers and hard drives, and return all hard copies of any client files to the firm.

---

[1] Le & Assocs., P.S. v. Diaz-Luong, noted at 157 Wn. App. 1040 (2010); Le & Assocs., P.S. v. Diaz-Luong, noted at 169 Wn. App. 1010 (2012).

In 2008 and 2009, the court found appellants in contempt for violating the terms of the injunction and the court's prior orders.

In 2010, we affirmed the contempt orders. We concluded that the court's findings were supported by substantial evidence and that the contempt orders were within the court's discretion. We held that monetary sanctions imposed by the trial court were civil remedial sanctions, not punitive sanctions, and awarded fees on appeal under RCW 7.21.030(3).

Meanwhile, the firm obtained yet another contempt order for appellants' continued noncompliance with prior orders. The noncompliance included appellants' failure to timely identify flash drives; lying about their existence; using data-destroying software to destroy data on the flash drives; violating an order to refrain from copying, destroying, deleting, or modifying any computer, storage device, electronic data; failing to identify the computer used to falsify a second USB (universal serial bus) drive; failing to disclose a computer containing client data; continuing to possess electronic client files; continuing to possess hard copies of client files; and failing to pay costs caused by their contempt.

In 2012, we upheld the contempt order and rejected appellants' challenges to the court's findings and sanctions. We also awarded fees and costs on appeal under RCW 7.21.030(3).

In February and April of 2014, the superior court clerk filed motions to dismiss for want of prosecution. Shortly thereafter, appellants requested, and the court set, a trial date. The court issued an amended case schedule and ordered

the parties to engage in alternative dispute resolution (ADR) by March 16, 2015, or face sanctions.

In March 2015, the firm and third party defendants moved to dismiss appellants' counterclaims and third party claims, arguing that appellants had not engaged in ADR and were still not complying with the court's orders. The court granted the motion, stating in pertinent part that appellants'

willful noncompliance with court Orders continues.

. . . The [firm has] proven . . . that in the four years and six months since the entry of the . . . 2010 Order, and for over two years and eight months since the Court of Appeals affirmed the Order, defendants have taken no actions to comply with the requirements of that Order or the Preliminary Injunction, Contempt Order, and Sanctions Order. . . .

. . . Defendant's noncompliance with the courts' Orders was found to be willful and intentional, and their continued noncompliance is also willful and intentional.

. . . The court in its Orders . . . imposed a variety of sanctions . . . to induce them to comply with the court's Orders. . . . None of these sanctions have resulted in defendants' compliance. Defendants have not only willfully refused to comply for more than six years, but in the interim have engaged in additional violations . . . .

. . . The court cannot allow this matter to languish indefinitely with no disposition, waiting for defendants to comply. . . . The administration of the court system requires that this case be closed. Without closure, [the firm] and third-party defendants will be greatly prejudiced. They have incurred hundreds of thousands of dollars in attorney fees which have not been paid by defendants . . . . Defendants' noncompliance with the court's Orders is prejudicial to the interests of the [firm] and its clients. Noncompliance is prejudicial to [the firm's] ability to defend against defendants' claims. Requiring [the firm] to indefinitely be subject to this lawsuit pending defendants' compliance with court orders is prejudicial, expensive and unjust. It would be prejudicial to require [the firm]

and third-party defendants to proceed to trial without defendants' compliance.

. . . No lesser sanction than a dismissal of defendants' claims will be effective to close this matter. Lesser sanctions have been tried for years with no effect.[2]

Citing both its inherent authority to enforce its orders and CR 41, the court dismissed appellants' counterclaims and third party claims with prejudice and awarded the firm $129,132.35 in attorney fees.

The court subsequently granted the firm's motion to dismiss its undetermined claims against appellants and entered a final judgment. This appeal followed.

## STANDARD OF REVIEW

Courts have discretion to dismiss a lawsuit for noncompliance with a court order under CR 41(b),[3] and for reasons falling within the court's inherent power to manage its own affairs,[4] including dilatoriness other than that described in CR

---

[2] Clerk's Papers (CP) at 292-93.

[3] CR 41(b) authorizes dismissal of a claim for failure "to comply with court rules or any order of the court." Will v. Frontier Contrs., Inc., 121 Wn. App. 119, 128, 89 P.3d 242 (2004) (dismissal under CR 41(b) for noncompliance with a court order).

[4] Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); accord Wagner v. McDonald, 10 Wn. App. 213, 217, 516 P.2d 1051 (1973).

41(b)(1).[5] We will not disturb a court's exercise of discretion unless it is manifestly unreasonable or based on untenable grounds or reasons. Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

When, as here, the trial court enters findings of fact and conclusions of law, we review the findings for substantial evidence and the conclusions of law for sufficient support in the findings of fact. Nelson Const. Co. of Ferndale, Inc. v. Port of Bremerton, 20 Wn. App. 321, 326-27, 582 P.2d 511 (1978).

## ANALYSIS

Appellants contend the superior court abused its discretion in dismissing their counterclaims and third party claims. For the first time on appeal, they contend the court could not dismiss those claims without first finding: (1) that their noncompliance was willful; (2) that the firm's ability to prepare for trial was substantially prejudiced; and (3) that lesser sanctions would not suffice. But this court does not normally consider arguments raised for the first time on appeal. RAP 2.5(a). It is appellants' burden to demonstrate some basis for us to consider their claims for the first time on appeal. State v. Grimes, 165 Wn. App. 172, 185-86, 267 P.3d 454 (2011). They have not carried that burden.

---

[5] Wallace v. Evans, 131 Wn.2d 572, 577, 934 P.2d 662 (1997); Bus. Servs. of Am. II, Inc. v. WafterTech, LLC, 174 Wn.2d 304, 308, 311, 274 P.3d 1025 (2012) (where dismissal is for dilatoriness of a type not described by CR 41(b)(1), courts retain "'inherent discretion'" to dismiss for want of prosecution. Such dilatoriness includes "'unacceptable litigation practices other than mere inaction.'" Other bases for dismissal under the court's inherent authority include willful failure to comply with court orders or rulings, failure to appear, or filing late briefs. (quoting Snohomish Cty. v. Thorp Meats, 110 Wn.2d 163, 169, 750 P.2d 1251 (1988); Wallace, 131 Wn.2d at 577)).

Accordingly, we need not consider their claims. RAP 2.5(a); State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

Furthermore, the firm contends, and appellants do not dispute, that the authorities appellants cite for application of the dismissal prerequisites listed above are inapposite. Specifically, the firm contends the cited cases apply only when dismissal is a sanction for violations of discovery or scheduling orders.[6] The firm points out that the dismissal prerequisites applied in those cases have not been applied when, as here, the dismissal rests on the court's inherent authority to dismiss for noncompliance with contempt orders and/or want of prosecution.[7] Appellants do not address these contentions.

Even if the three dismissal prerequisites cited by appellants were applicable here, appellants' arguments would fail because the superior court's findings satisfy those prerequisites. First, the superior court expressly found that appellants' noncompliance was willful and intentional. Appellants do not challenge that finding or question its support in the record.

---

[6] Appellants cite Rivers v. Wash. State Conf. of Mason Contrs., 145 Wn.2d 674, 41 P.3d 1175 (2002) (violation of discovery order); Marina Condo. Homeowner's Ass'n v. Stratford at the Marina, LLC, 161 Wn. App. 249, 260, 254 P.3d 827 (2011) (discovery violations); and Will v. Frontier Contrs., Inc., 121 Wn. App. 119, 129, 89 P.3d 242 (2004) (failure to timely serve amended complaint).

[7] Resp't Br. at 22; cf. Dewitt v. Mullen, 193 Wn. App. 548, 556-58, 375 P.3d 694 (2016) (willfulness, prejudice, and lesser sanctions factors "usually are applied when the trial court imposes sanctions for discovery violations" and do not apply to dismissal under CR 40(d) when plaintiff is not prepared to proceed to trial); Foss Mar. Co. v. Brandewiede, 190 Wn. App. 186, 195, 359 P.3d 905 (2015), review denied, 185 Wn.2d 1012, 367 P.3d 1083 (2016) (dismissal prerequisites are "limited to CR 37(b)(2)"). We note that while a showing of prejudice *to the ability to prepare for trial* makes sense when the dismissal is for discovery violations and the like, it arguably makes less sense when dismissal is for dilatory conduct or want of prosecution.

Second, the court expressly found that the firm would be prejudiced if it proceeded to trial without appellants' compliance with the court orders. The findings of fact state in part:

> Defendants' noncompliance with the court's Orders is prejudicial to the interests of the [firm] and its clients. Noncompliance is prejudicial to the [firm's] ability to defend against defendants' claims. Requiring [the firm] to indefinitely be subject to this lawsuit pending defendants' compliance with court orders is prejudicial, expensive and unjust. It would be prejudicial to require plaintiff and third-party defendants to proceed to trial without defendants' compliance.[8]

Citing our decision in <u>Marina Condominium Homeowner's Ass'n</u>, 161 Wn. App. 249, 260, 254 P.3d 827 (2011), appellants claim these findings are too conclusory and fail to demonstrate specific prejudice to the firm's "ability to prepare for trial."[9] We held in <u>Marina</u> that "mere conclusions" are insufficient to satisfy the prerequisites to dismissal discussed above. 161 Wn. App. at 261. But the court's findings in the present case were not mere conclusions.

The court found that appellants destroyed evidence and had still not complied with prior court orders, including the contempt order entered in September 2010. More specifically, the court pointed to "specifications 1, 4, 5, 8 and 9" in the 2010 contempt order.[10] Those specifications included appellants' refusal to identify the computer used to falsify USB drive evidence, the failure to identify an additional computer potentially containing client files, refusal to turn

---

[8] CP at 293.
[9] Appellants' Opening Br. at 7.
[10] CP at 291-92.

over paper copies of the firm's files and documents. Appellants' continuing failure to comply with those specifications substantially prejudices the firm's ability to prepare for trial of its claims against appellants.

Appellants argue that there must be a showing of prejudice to *the firm's defense against appellants' counterclaims* before their counterclaims can be dismissed. But they cite no authority supporting that claim. Nor do they respond to the firm's contention that appellants cannot "withhold and destroy evidence, substantially impairing [the firm's] ability to put on [its] case, while preserving their own counterclaims."[11]

Third, the court also expressly found that lesser sanctions had already been tried and would not be effective. Echoing their argument regarding prejudice, appellants contend dismissal was an improper sanction because the contemptuous conduct related to *the firm's* claims, not to their counterclaims for wages. But once again, appellants cite no supporting authority. Nor do they respond to the firm's argument that "the nexus is obvious—[appellants'] dilatory conduct has made it impossible for [the firm] to pursue [its] claims, so the appropriate sanction is losing the right to pursue counterclaims."[12]

Appellants' remaining arguments fail because they rest on the premise, rejected above, that the court abused its discretion in dismissing their counterclaims.

---

[11] Br. of Resp'ts at 27.
[12] Br. of Resp'ts at 27-28.

The firm requests fees and costs on appeal, arguing that the appeal is frivolous. RAP 18.9; Granville Condo. Homeowners Ass'n v. Kuehner, 177 Wn. App. 543, 557, 312 P.3d 702 (2013) ("RAP 18.9(a) allows us to award . . . attorney fees and costs to an opposing party, when a party brings a frivolous appeal."). We conclude the appeal is frivolous and award the firm reasonable attorney fees and costs subject to its compliance with RAP 18.1.

Affirmed.

Trickey, ACJ

WE CONCUR:

Spearman, J.

Schindler, J.