IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JULIE A. BEDELL,<br><br>        Appellant,<br><br>v.<br><br>ESTHER E. ILES and DAVID W. ILES,<br><br>        Respondents. | No. 87865-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Julie Bedell, acting pro se, filed a personal injury lawsuit against Esther and David Iles claiming damages stemming from a motor vehicle accident that occurred almost three years prior. After an initial continuance, a jury trial was scheduled more than five years after the lawsuit commenced. Bedell did not appear on the scheduled trial date. Appealing pro se, Bedell challenges the trial court's order dismissing her lawsuit with prejudice under CR 40(d). She argues that the trial court should have granted her prior requests to continue the jury trial. Finding no error, we affirm.

FACTS

According to Bedell's complaint, a motor vehicle collision occurred between Bedell and Esther[1] on August 29, 2016. Bedell, who lives in Florida and was visiting

---

[1] Given the respondents' common last name, we use Esther's first name for clarity.

family, claimed Esther rear-ended Bedell while she was stopped at a stop sign in Langley, Washington. On August 23, 2019, Bedell sued the Iles for damages, alleging that she suffered neck and back injuries because of Esther's negligent driving.

A jury trial was initially scheduled for December 5, 2023. The trial court held a readiness hearing on November 6, 2023, at which Bedell did not appear. The court continued the readiness hearing to November 13. At the November 13 hearing, Bedell appeared remotely and requested a continuance, stating she was not prepared to proceed with trial on December 5. Bedell informed the court that her Florida residence was hit by a hurricane that she was still recovering from and caused her to lose "all of [her] paperwork." The Iles' counsel agreed to a continuance of the trial date. The trial court struck the trial date and instructed the parties to re-note the matter for trial when ready. The court informed the parties, "[B]ecause of the logistics associated with our jury-selection process and bringing in a pool, we need to have pretty significant notice if the parties are not planning to have the jury trial take place."

Jury trial was rescheduled for February 4, 2025. Bedell filed a motion to continue trial the morning of the readiness hearing on January 6, 2025. In the motion, Bedell requested a continuance of the trial to summer 2025 based on "[u]nforeseeable" destruction of "critical case documents" and other difficulties due to the effects of three hurricanes, health issues and upcoming medical procedures for Bedell and her husband, travel and financial hardships, and additional time needed by Bedell's expert witness to prepare. Bedell's motion did not include any supporting documents or affidavits.[2] The trial court instructed Bedell at the readiness hearing to note the motion

---

[2] It appears Bedell has never filed a single affidavit or sworn declaration to support her various pleadings. The only form of declaration Bedell filed are declarations of service.

for a hearing no later than January 21 to allow the Iles time to respond. On January 13 Bedell requested a hearing on January 21 for her motion and also filed another motion to continue the jury trial, restating the same purported issues in her January 6 motion and adding that she "had lost a very close family member." Bedell did not file any additional documents with the January 13 motion.

The parties appeared remotely at the January 21 hearing. The trial court stated that it reviewed Bedell's "moving papers" and the Iles' response[3] prior to the hearing. During the hearing, counsel for the Iles explained to the court that while he was sympathetic that Bedell had been affected by natural disasters and understood that Bedell lost bags of documents because of flooding, he provided to her all the records he obtained on the case that Bedell should have gotten originally. Counsel explained that another issue may be that Bedell is "not sure exactly which – how many documents or what documents she's supposed to have." In response, Bedell appeared to acknowledge that defense counsel provided her records to her. In addition to arguing that she was under a doctor's care because of the emotional trauma and stress over dealing with flooding from the hurricanes and the loss of a family member the previous fall, she argued that she just wanted to be treated fairly and have a jury trial where she could be in person and be seen by the jurors.

The court denied Bedell's request, stating in its oral ruling that the court:

reviewed this case in detail, including the history behind it. … The last time this came before the Court for a trial continuance, the Court apparently took into account the natural disasters and the other issues that [Bedell] described as reasons why you couldn't proceed.
…
This case was filed in 2019 based on an injury that occurred in 2016. Almost eight years ago. The case has been pending trial for some

_____

[3] The Iles' response was not designated for this court's review.

3

time now.

The issues, apparently, based on the property damage that was reported in the [Iles'] response, we're talking about $700 of property damage and minimal impact.

I'm not deciding the merits of your case. I'm simply saying when the Court has to weigh all of the factors that go into managing these proceedings, giving both parties the right to have a fair trial. And the [Iles] are equally entitled to have this matter resolved.

…

[T]oday the Court does not find the basis … to grant the Motion for Continuance at this late stage.

On January 31 Bedell filed an "EMERGENCY MOTION FOR CONTINUANCE OF JURY TRIAL" "due to unforeseen and worsening health circumstances." Bedell did not file with the motion any supporting documents or affidavits. The motion stated, "Plaintiff has been experiencing significant health issues and unforeseen personal hardships, making it impossible to properly prepare for or attend trial on the scheduled date." The motion also stated, "Plaintiff is willing to provide supporting documentation if required by the Court." In addition to the health issues, Bedell stated in the motion she could not proceed with the trial as scheduled based on difficulties in obtaining evidence lost in hurricane floods and "securing the availability of her expert witness." The Iles opposed the motion.

A hearing on the motion occurred the day before trial. Bedell did not appear. Her husband appeared remotely and informed the court that Bedell was ill and bedridden. The trial court observed that Bedell did not note the hearing as for a motion to reconsider the court's prior denial of a continuance, yet Bedell's purported emergency motion raised the same issues and is "essentially the same motion that the Court denied previously." The court said regarding the January 21, 2025, hearing that "[i]t did not appear to the Court that Ms. Bedell [w]as having any significant health issues at that

4

time." The court denied Bedell's emergency motion, stating:

> Even if the Court was to treat it as a Motion for Reconsideration, it doesn't rise to the point where the Court can, based on this record, consider the hearing or consider changing the result rather.
> The Court was willing to allow the matter to be placed on the calendar today in case there were some other issues that had not been raised.
> Frankly, the Court is somewhat skeptical of [Bedell's] inability to appear today.
> ….
> So at this point there's nothing in the record to support the request and it does appear to be procedurally improper as well.

After the hearing on February 3, Bedell filed a letter addressed to the trial court judge, informing the court that she would not be able to attend trial as scheduled the following day "due to her ongoing illness." The letter stated that Bedell "is willing to provide supporting documentation by her doctor(s) to support her illness." The letter referred to difficulties in obtaining evidence and securing the availability of an expert witness. Bedell "requested additional time to recover from her illness to ensure a fair presentation of her case" and stated that "[w]ithout time to recover from her illness it will alter the outcome of the trial."

Bedell did not appear the following day for the first day of the scheduled jury trial. The trial court recounted the recent events, stating:

> On February 3rd, 2025, shortly before the Clerk's Office closed, a document was filed in the Clerk's Office via the email filing system, the electronic filing system offered by our Superior Court Clerk. It appears to be a pleading authored by [Bedell].
> It begins by saying: "The Plaintiff, [Bedell], Pro Se, is informing Your Honor that due to her ongoing illness she will not be able to attend jury trial set for February 4, 2025."
> Previously, [Bedell] had made a Motion to [Continue[4]] at the

---

[4] In its review of the case's recent history, the trial court initially referred to Bedell's prior motions to continue as motions to "[d]ismiss." After entering its oral ruling dismissing the suit, the trial court reconvened to clarify that the court misspoke and was referring to Bedell's prior motions to continue the trial date.

Readiness Hearing. The Court was unwilling to entertain that without proper notice to defense.

[Bedell] made another written Motion to [Continue]. The matter was heard on the motion calendar.

[Bedell] articulated reasons that had been previously addressed in another continuance motion when the trial was scheduled approximately a year or so earlier.

The Court denied the motion.

[Bedell] then attempted to have what she characterized as an Emergency Hearing on the Motion Calendar yesterday. Even though the motion was untimely, the Court allowed the matter to be scheduled by the Clerk.

…

The Court was advised by [Bedell's] husband that she was unable to attend the video appearance that she had scheduled because of her illness.

The Court was not provided with any documentation of the illness either before the Readiness Hearing.

The illness of [Bedell] was not mentioned until the last Motion to [Continue].

No documentation has been provided to substantiate any of [Bedell's] reasons previously for wanting the trial continued.

[Bedell] was given an opportunity to do so.

There was no record – no facts in the record. [Bedell] simply filed motions, but did not support them with any type of affidavit or sworn declarations.

So based on that record, the Court is proceeding with the trial today.

Defense counsel for the Iles requested dismissal based on Bedell's failure to appear and prosecute her case. After stating the rule for CR 40(d) on the record, the trial court found that "[n]o good cause was shown" for a continuance and dismissed the case with prejudice. Bedell appeals.

DISCUSSION

Bedell contends that the trial court abused its discretion by dismissing her lawsuit when she failed to appear on the first day of jury trial following the filing of her emergency motion and letter requesting a trial continuance. We hold Bedell as a pro se litigant to the same standard and rules of appellate procedure as attorneys. See West v.

6

Wash. Ass'n of County Officials, 162 Wn. App. 120, 137 n.13, 252 P.3d 406 (2011). Rules of appellate procedure require Bedell to provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[5] RAP 10.3(a)(6).

As a preliminary matter, the Iles ask us to review the trial court's dismissal order for an abuse of discretion. Generally, we review a trial court's order to dismiss with prejudice for abuse of discretion. Wagner v. McDonald, 10 Wn. App. 213, 217-18, 516 P.2d 1051 (1973); McCandlish Elec., Inc. v. Will Const. Co., Inc., 107 Wn. App. 85, 93, 25 P.3d 1057 (2001). "A trial court abuses its discretion when its decision is manifestly unreasonable, when it exercises its decision on untenable grounds, or when it makes its decision for untenable reasons." State v. Brooks, 149 Wn. App. 373, 384, 203 P.3d 397 (2009). "[A]bsent a showing of an abuse of discretion, trial courts must be supported in their effort to move cases along and prevent undue congestion in their calendars." Wagner, 10 Wn. App. at 217. But we review de novo a trial court's interpretation and application of a court rule to a particular set of facts, which includes a trial court's dismissal order under CR 40(d). Dewitt v. Mullen, 193 Wn. App. 548, 555, 375 P.3d 694 (2016); Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001).

It is apparent from the record that the trial court dismissed Bedell's case with prejudice under CR 40(d). Under CR 40(d):

> When a cause is set and called for trial, it shall be tried or dismissed, unless good cause is shown for a continuance. The court may in a proper case, and upon terms, reset the same.

---

[5] Bedell provides multiple case cites in her briefing that do not support the propositions for which she uses them. As the appellant, it is Bedell's responsibility to provide accurate legal citation for this court's review of her assignments of error. See McKee v. Am. Home Products, Corp., 113 Wn.2d 701, 705, 782 P.2d 1045 (1989).

The rule "authorizes a trial court to dismiss a case that is called for trial when the plaintiff is not prepared to proceed to trial, there is no good cause for a continuance, and there is no basis for resetting the trial." Additionally, "[i]f the plaintiff does not appear and is unrepresented at trial, the defendant is entitled to dismissal upon request." Eriksen v. Mobay Corp., 110 Wn. App. 332, 340, 41 P.3d 488 (2002) (discussing the trial court's authority under CR 40(d) and CR 41(b), which governs involuntary dismissal for plaintiff's failure to prosecute or comply with court civil rules or orders). This court has held that a dismissal under CR 40(d) generally operates as an adjudication on the merits and thus can result in a dismissal of the case with prejudice. Wagner, 10 Wn. App. at 216, 219 (citing CR 41(b)(3)); see In re Det. of G.V., 124 Wn.2d 288, 298, 877 P.2d 680 (1994).

Here, it is undisputed that Bedell did not appear for the scheduled first date of trial on February 4, 2025. In consideration of defense counsel's motion to dismiss, the trial court did not find good cause to continue trial and dismissed the case with prejudice.

Bedell argues that the trial court abused its discretion when it did not find good cause for a continuance based on the "extraordinary circumstances" she set forth in her prior continuance motions and in a letter that she submitted the afternoon prior to trial. Bedell did not designate in her notice of appeal the trial court's January 23, 2025, and February 3, 2025, orders denying her motions to continue. In her opening brief, Bedell collectively assigns error to the trial court's orders denying her motions to continue trial, asserting that "[t]he trial court erred by denying [Bedell's] motions for continuance despite [Bedell] demonstrating good cause."

The Iles assert that we should not consider the trial court's orders denying her motions to continue because Bedell did not designate those orders in her notice of appeal. Alternatively, the Iles argue that the trial court did not abuse its discretion in denying Bedell's motions to continue.

We generally do not review orders that were not designated in the notice of appeal. RAP 2.4(a); Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 378, 46 P.3d 789 (2002). However, we will "review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." RAP 2.4(b). Because Bedell's argument that she showed good cause inherently involves the grounds set forth in her emergency motion to continue, we consider the trial court's denial of that motion to address the merits of Bedell's argument that it prejudicially impacted the court's subsequent dismissal order designated in the notice of appeal. See Hwang v. McMahill, 103 Wn. App. 945, 949, 15 P.3d 172 (2000).

The trial court's denial of Bedell's continuance request is reviewed for an abuse of discretion. Scheib v. Crosby, 160 Wn. App. 345, 350, 249 P.3d 184 (2011) (citing State v. Downing, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004); MacKay v. MacKay, 55 Wn.2d 344, 348, 347 P.2d 1062 (1959)). In deciding whether to grant or deny a continuance, the trial court may consider many factors, including surprise, diligence, the need of a reasonably prompt resolution of the litigation, the prior history of the litigation, prior continuances granted to the moving party, and any other material matters. Downing, 151 Wn.2d at 273; Balandzich v. Demeroto, 10 Wn. App. 718, 720, 519 P.2d

9

994 (1974).

Here, the trial court denied Bedell's January 31, 2025, emergency motion to continue because it did not raise new issues to warrant the trial court's reconsideration of Bedell's prior requests, which the court had denied at the January 21, 2025, hearing due to the length of time trial had been pending and the Iles' equal entitlement to a timely resolution. It is apparent from the record that the trial court did not find Bedell's claim credible that she could not appear for the February 3, 2025, motion hearing or trial due to illness. On the scheduled trial date of February 4, 2025, in response to Bedell's letter filed hours after the court's denial of her emergency motion, the court noted that Bedell had not filed any sworn declaration, affidavit, or documentation supporting her claim of illness or to substantiate the other reasons stated in her prior motions to continue.

Bedell asserts that the letter constituted a sworn declaration under RCW 5.50.030.[6] Bedell seems to suggest that the language, "I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct" that appears only under the signed "DECLARATION OF SERVICE" section[7] at the end of the letter also applied to her statement of illness that she signed without a penalty of perjury statement. Even assuming the letter constituted a sworn declaration of illness, Bedell does not point to any facts in the record to support her claims of illness. The trial court was free to find her declaration not credible. See State v. Roberts, 5 Wn.3d 222, 235, 572 P.3d 1191 (2025) ("[A]ppellate courts review the action of a trial court but do

---

[6] RCW 5.50.030 provides that barring certain exceptions an unsworn declaration has the same effect as a sworn declaration. An "unsworn declaration" is "a declaration in a signed record not given under oath but given under penalty of perjury." RCW 5.50.010(5).

[7] Bedell's signature appears above and below the declaration of service section.

not weigh evidence or substitute their opinions for those of the [trial court as] fact finder."). Bedell otherwise provides no authority to support the proposition that a trial court must delay the start of the trial based on a plaintiff's unsworn conclusory statement of illness. See DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Bedell argues that the trial court denied her due process rights "[b]y denying continuances and dismissing the case with prejudice without considering less severe measures." "When denial of a motion to continue allegedly violates constitutional due process rights, the appellant must show either prejudice by the denial or the result of the trial would likely have been different if the continuance was granted." In re V.R.R., 134 Wn. App. 573, 581, 141 P.3d 85 (2006). Bedell restates that the scheduled trial date should have been continued because she faced "multiple barriers—natural disasters, financial hardship, late discovery, and health crises," but she does not provide an explanation as to how any of these facts would have changed if the trial date was continued or how she was prejudiced by the trial court's denial. Conclusory arguments that are unsupported by pertinent legal authority and references to relevant parts of the record do not warrant this court's review. Cook v. Brateng, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010); Brownfield v. City of Yakima, 178 Wn. App. 850, 876, 316 P.3d 520 (2014); see RAP 10.3(a)(6); Seven Gables Corp. v. MGM/UA Entertainment Co., 106 Wn.2d 1, 14, 721 P.2d 1 (1986) (stating that "naked castings into the constitutional sea" do not warrant judicial review).

11

Bedell also argues that the trial court erred by not considering the factors stated in <u>Burnet v. Spokane Ambulance</u>—willfulness, prejudice, and sufficiency of lesser sanctions—on the record before dismissing her case. 131 Wn.2d 484, 494, 933 P.2d 1036 (1997). This court has previously held that the <u>Burnet</u> factors do not apply to a trial court's dismissal under CR 40(d). <u>Dewitt</u>, 193 Wn. App. at 556-58.

We conclude that Bedell has not established that the trial court abused its discretion in dismissing her lawsuit with prejudice under CR 40(d).[8]

We affirm.[9]

_____
Colbur, J.

WE CONCUR:

_____
Birk, J.

_____
Mann, J.

---

[8] Bedell also argues that the trial court's incorrect references to her prior motions to continue as motions to "dismiss" in recounting the procedural history of the case prior to the court's dismissal order demonstrate that the trial court abused its discretion based on a "misapprehension of the record." As Bedell acknowledges, the trial court explicitly addressed on the record that it had previously "misspoke" when it said Bedell had made motions to dismiss, and that the motions were motions to continue the scheduled trial. The record does not support that the trial court based its decision on a misapprehension of the record.

[9] We need not address Bedell's bald request to award her expert fees nor her request for a change in venue raised for the first time in her reply brief. <u>See</u> <u>Cowiche Canyon Conservancy</u>, 118 Wn.2d at 809.